IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **AUTOCONNECT HOLDINGS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**FORD MOTOR COMPANY,**<br><br>Defendant. | Court No. 1:24-cv-01327-JCG |

**OPINION AND ORDER**

[Denying Defendant's Motion to Dismiss.]

Dated:  September 24, 2025

Michael J. Farnan and Brain E. Farnan, Farnan LLP, of Wilmington, DE; William R. Woodford, Todd S. Werner, and Jason M. Zucchi, Avantech Law, LLP, of Minneapolis, MN.  Attorneys for Plaintiff AutoConnect Holdings, LLC.

Helena C. Rychlicki, Pinckney, Weidinger, Urban & Joyce LLC, of Wilmington, DE; John S. LeRoy, Christopher C. Smith, and Reza Roghani Esfahani, Brooks Kushman P.C., of Royal Oak, MI.  Attorneys for Defendant Ford Motor Company.

Choe-Groves, Judge:  This matter involves patent infringement claims filed by AutoConnect Holdings LLC ("AutoConnect" or "Plaintiff") against Ford Motor Company ("Ford" or "Defendant").  AutoConnect alleges that Ford infringed thirteen of its patents involving automotive technologies and vehicle computer control systems.  Ford filed a motion to dismiss claims related to seven of the

Court No. 1:24-cv-01327-JCG                                                                 Page 2

thirteen asserted patents raised in the Complaint.  For the reasons discussed below, Ford's motion to dismiss is denied.

## BACKGROUND

AutoConnect is the exclusive owner by assignment of U.S. Patent No. 9,020,491 ("the '491patent"), U.S. Patent No. 9,020,697 ("the '697 patent"), U.S. Patent No. 9,082,239 ("the '239 patent"), U.S. Patent No. 9,098,367 ("the '367 patent"), U.S. Patent No. 9,116,786 ("the '786 patent"), U.S. Patent No. 9,123,186 ("the '186 patent"), U.S. Patent No. 9,140,560 ("the '560 patent"), U.S. Patent No. 9,147,296 ("the '296 patent"), U.S. Patent No. 9,147,297 ("the '297 patent"), U.S. Patent No. 9,173,100 ("the '100 patent"), U.S. Patent No. 9,290,153 ("the '153 patent"), U.S. Patent No. 10,862,764 ("the '764 patent"), and U.S. Patent No. 11,163,931 ("the '931 patent").  Compl ¶¶ 14–27 (D.I. 1).

The '491 patent is titled "Sharing Applications/Media Between Car and Phone (Hydroid)" and was issued by the United States Patent and Trademark Office ("USPTO") on April 28, 2015.  Id. ¶ 15.  The '697 patent is titled "Vehicle-Based Multimode Discovery" and was issued by the USPTO on April 28, 2015. Id. ¶ 16.  The '239 patent is titled "Intelligent Vehicle for Assisting Vehicle Occupants" and was issued by the USPTO on July 14, 2015.  Id. ¶ 17.  The '367 patent is titled "Self-configuring Vehicle Console Application Store" and was issued by the USPTO on August 4, 2015.  Id. ¶ 18.  The '786 patent is titled "On

Board Vehicle Networking Module" and was issued by the USPTO on August 25, 2015.  Id. ¶ 19.  The '186 patent is titled "Remote Control of Associated Vehicle Devices" and was issued by the USPTO on September 1, 2015.  Id. ¶ 20.  The '560 patent is titled "In-Cloud Connection for Car Multimedia" and was issued by the USPTO on September 22, 2015.  Id. ¶ 21.  The '296 patent is titled "Customization of Vehicle Controls and Settings Based on User Profile Data" and was issued by the USPTO on September 29, 2015.  Id. ¶ 22.  The '297 patent is titled "Infotainment System Based on User Profile" and was issued by the USPTO on September 29, 2015.  Id. ¶ 23.  The '100 patent is titled "On board Vehicle Network Security" and was issued by the USPTO on October 27, 2015.  Id. ¶ 24.  The '153 patent is titled "Vehicle-Based Multimode Discovery" and was issued by the USPTO on March 22, 2016.  Id. ¶ 25.  The '764 patent is titled "Universal Console Chassis for the Car" and was issued by the USPTO on December 8, 2020.  Id. ¶ 26.  The '931 patent is titled "Access and Portability of User Profiles Stored as Templates" and was issued by the USPTO on November 2, 2021.  Id. ¶ 27.

    AutoConnect's thirteen patents relate to various automotive technologies, vehicle computer control systems, and applications.  See Compl.  AutoConnect's Complaint alleges that Ford has directly infringed, either literally or under the doctrine of equivalents, and indirectly infringed its thirteen asserted patents.  Id.  AutoConnect seeks a declaratory judgment that Ford has infringed its patents and

has done so deliberately and willfully. Id. at 96–97. AutoConnect seeks further injunctive relief permanently enjoining Ford from infringing its patents, damages for such infringement that account for acts of infringement not presented at trial, treble damages, declaratory judgment that this case is exceptional, attorneys' fees, and any other relief deemed proper and just. Id.

Ford filed Defendant Ford Motor Company's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), wherein Ford moves to dismiss claims related to seven of the thirteen asserted patents at issue in this case: the '491 patent, the '697 patent, the '239 patent, the '367 patent, the '186 patent, the '100 patent, and the '153 patent. Def. Ford Motor Co.'s Mot. Dismiss Pursuant Fed. R. Civ. P. 12(b)(6) ("Def.'s Br.") (D.I. 12). AutoConnect opposed the motion to dismiss, and Ford replied in further support of its motion. Pl. AutoConnect's Opp'n. Def.'s Mot. Dismiss Pursuant Fed. R. Civ. P. 12(b)(6) ("Pl.'s Resp. Br.") (D.I. 13); Def. Ford Motor Co.'s Reply Support Mot. Dismiss ("Def.'s Reply Br.") (D.I. 17).

## JURISDICTION AND LEGAL STANDARD

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, which grant the Court jurisdiction over civil actions relating to patents, plant variety protection, copyrights, and trademarks. 28 U.S.C. §§ 1331, 1338. Federal Rule of Civil Procedure 8(a) requires that pleadings contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(1). If a

pleading fails to state a claim, in whole or in part, on which a court may grant relief, a defendant may seek to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." Id. In considering a motion to dismiss, the Court must assume that the factual allegations contained in the complaint are true. Twombly, 550 U.S. at 555–56. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 556 U.S. at 678. In patent infringement cases, the Iqbal/Twombly pleading standard governs allegations of infringement. Golden v. Apple Inc., 819 F. App'x 930, 930–31 (Fed. Cir. 2020). Some factual allegations must exist that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim. Bot M8 LLC v. Sony Corp., 4 F.4th 1342, 1353 (Fed. Cir. 2021).

# DISCUSSION

Ford moves to dismiss AutoConnect's causes of action related to the '367, '239, '697, '186, '153, and '100 patents as invalid due to indefiniteness based on the inclusion of at least one "and/or" claim limitation that is defined as an "open ended expression" that is "both conjunctive and disjunctive in operation." Def.'s Br. at 9–16.  Ford also moves to dismiss claims related to the '100 and '491 patents for failing to plausibly plead infringement under the Iqbal/Twombly standard.  Id. at 17–21.  For the reasons that follow, the Court denies Ford's motion to dismiss.

## I.    Indefiniteness under 35 U.S.C. § 112

"Definiteness is a statutory requirement for patentability." Niazi Licensing Corp. v. St. Jude Med. S.C., Inc., 30 F.4th 1339, 1346 (Fed. Cir. 2022).  Under 35 U.S.C. § 112, a valid patent "shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention." 35 U.S.C. § 112(b).  "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." Nautilus, Inc. v. Biosig Instruments, Inc., 572 U.S. 898, 901 (2014).

Definiteness requires that a patent "be precise enough to afford clear notice of what is claimed." Nautilus, Inc., 572 U.S. at 909.  Without clear notice, there

would be "[a] zone of uncertainty which enterprise and experimentation may enter only at the risk of infringement claims." United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 236 (1942).  One such circumstance of indefiniteness "is where the claims, as properly construed, are nonsensical." Horizon Pharma, Inc. v. Dr. Reddy's Lab'ys Inc., 839 F. App'x 500, 505 (Fed. Cir. 2021) (citing Trs. of Columbia Univ. v. Symantec Corp., 811 F.3d 1359, 1366–67 (Fed. Cir. 2016)).

Defendant identifies several asserted patents that include in their specifications the term "and/or," which the patent specifications define as "both conjunctive and disjunctive in operation." Def.'s Br. at 10.  In its response, Plaintiff confirms that the claims cover both "the presence of more than one of the listed items" and "the presence of a single listed item." Pl.'s Resp. Br. at 6. Plaintiff avers that it does not have to "choose between the conjunctive and disjunctive meanings." Id. at 7.  Plaintiff maintains that the specifications have clear scopes when read in accordance with standard grammatical canons. Id. at 8.

While "most, if not all, ordinary speakers of the English language should recognize that 'and/or' has a particularized meaning," Pavilion Techs., Inc. v. Emerson Elec. Co., No. A-05-CA-898-SS, 2006 WL 6210180, at *11 (W.D. Tex. Sept. 5, 2006), AutoConnect has expressly defined "and/or" to operate both in the conjunctive and disjunctive, Pl.'s Resp. Br. at 6–7.  Standard grammatical canons describe "and/or" to mean "x or y or both." Pavilion Techs., Inc., 2006 WL

6210180, at *12. Because AutoConnect identified "and/or" as both conjunctive and disjunctive in operation, AutoConnect has defined "and/or" to mean "x or y *and* x and y."

The United States Court of Appeals for the Federal Circuit ("CAFC") "recognize[s] that the specification may reveal a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess. In such cases, the inventor's lexicography governs." Phillips v. AWH Corp., 415 F.3d 1303, 1316 (Fed. Cir. 2005). Plaintiff's use of "and/or" as both conjunctive and disjunctive is nonsensical because a limitation cannot have simultaneously A and B and C *and* A or B or C. The CAFC has held that "self-contradictory language of [a] limitation renders the claims indefinite." WSOU Invs. LLC v. Google LLC, Nos. 2022-1066; 2022-1067, 2023 WL 6210607, at *7 (Fed. Cir. Sept. 25, 2023) (holding that the phrase "second part in between the first part and the second part" was indefinite because it was nonsensical).

Plaintiff asserts that indefiniteness is impermissibly raised at the motion to dismiss stage. Pl.'s Resp. Br. at 11–13. Defendant cites to two cases when a district court decided definiteness on the pleadings. Def.'s Br. at 7 (citing In re TLI Commc'ns LLC Pat. Litig., 87 F. Supp. 3d 773, 805 (E.D. Va. 2015), aff'd, 823 F.3d 607 (Fed. Cir. 2016); DSS, Inc. v. Nichia Corp., No. LA CV 19-08172 JVS-JEM, 2024 WL 3515886, at *4 (C.D. Cal. July 12, 2024)). Both cases are

distinguishable procedurally from the case before the Court.  In <u>In re TLI Commc'ns LLC Pat. Litig.</u>, the parties fully briefed the issue of claim construction, and the district court held oral argument on the disputed claim terms before ruling on indefiniteness.  <u>In re TLI Commc'ns LLC Pat. Litig.</u>, 87 F. Supp. 3d at 782.  In <u>DSS, Inc.</u>, the district court denied the defendant's first motion to dismiss raising indefiniteness, "finding resolution before claim construction premature."  <u>DSS, Inc.</u>, 2024 WL 3515886, at *1 (holding that "[i]t is clear to the Court that this issue should be resolved at the claims construction stage, and not at the dismissal stage.").

Even Defendant admits, in a footnote, that "courts have declined to rule on indefiniteness at the motion to dismiss stage because 'indefiniteness arguments [may] require claim construction.'"  Def.'s Br. at 7 n.2. (quoting <u>Blackbird Tech v. Uber Techs., Inc.</u>, No. CV 19-561 (MN), 2020 WL 58535, at *8 (D. Del. Jan. 6, 2020)).  Defendant avers that claim construction is not implicated here because "the patent specifications expressly define the disputed term in a manner that renders the claims indefinite." <u>Id.</u>  However, "[a]lthough Defendant[] cited to [two] case[s] in which the district court decided definiteness on the pleadings, that seems to be the exception and not the rule."  <u>Blackbird Tech</u>, 2020 WL 58535, at *8.

The CAFC has long recognized that an indefiniteness analysis "is inextricably intertwined with claim construction." Atmel Corp. v. Info. Storage Devices, Inc., 198 F.3d 1374, 1379 (Fed. Cir. 1999); Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp., 790 F.3d 1329, 1337 (Fed. Cir. 2015) ("[T]he issue of whether a claim term is governed by § 112 ¶ 6 is a claim construction issue."). Even the determination of "[w]hether certain claim language invokes 35 U.S.C. § 112, ¶ 6 is an exercise in claim construction[.]" Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n, 161 F.3d 696, 702 (Fed. Cir. 1998).

The argument raised by Defendant is quintessentially one of claim construction. Defendant asks this Court to find several of AutoConnect's patents indefinite based on a specific term, and "[c]laim construction is the judicial statement of what is and is not covered by the technical terms and other words of the claims." Google LLC v. EcoFactor, Inc., 92 F.4th 1049, 1055 (Fed. Cir. 2024) (citing Netword, LLC v. Centraal Corp., 242 F.3d 1347, 1352 (Fed. Cir. 2001)). Because a determination on indefiniteness under 35 U.S.C. § 112 is not appropriate at the motion to dismiss stage, Ford's motion to dismiss, as it is directed at claims related to the '367, '239, '697, '186, '153, and '100 patents, is denied.

## II.     Failure to State a Claim under Iqbal/Twombly

### A. '100 Patent

Ford argues that AutoConnect has failed to state a claim of direct infringement for the '100 patent because AutoConnect compares the '100 patent claims to specifications published by AUTOSAR, a third-party organization. Def.'s Br. at 17–20.  Ford avers that AutoConnect did not sufficiently plead facts showing that Ford vehicles utilize the identified computational security component mechanisms set forth in its Infringement Claim Chart.  Id.; see Compl. Ex. J3 (D.I. 1-30).  Plaintiff argues that it pled facts "supporting a plausible inference that Ford, as a core partner of AUTOSAR, has implemented specific security mechanisms in the AUTOSAR standard that satisfy each claim limitation." Pl.'s Resp. Br. at 13.

"[A] district court may rely on an industry standard in analyzing infringement." Fujitsu Ltd. v. Netgear Inc., 620 F.3d 1321, 1327 (Fed. Cir. 2010). This rule applies in cases when a product undisputably operates in accordance with the industry standard.  Id. at 1327–28.  The CAFC has acknowledged that an industry standard may not be sufficient for an infringement analysis if the industry standard is optional or lacks the level of specificity required to establish infringement.  Id.  At the pleadings stage, however, the plausibility standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the plaintiff's allegations." Nalco Co. v. Chem-Mod,

LLC, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting Twombly, 550 U.S. at 556). A party may plead "upon information and belief" when alleging actions that are non-public and known only to the Defendant, though the party must provide factual allegations to support their legal theory and cannot rely on "boilerplate and conclusory" allegations. McDermott v. Clonadalkin Gp., Inc., 649 F. App'x 263, 267–68 (3d Cir. 2016).

AutoConnect asserts that Ford, as a corporate entity, is a "core partner" of AUTOSAR. Compl. ¶¶ 244 n.28, 244 n.29, 250 n.30. In support of the connection between Ford and AUTOSAR, Plaintiff provides a link to an AUTOSAR webpage that states "[i]n November 2003, Ford Motor Company joined as a core partner." Id. (citing https://www.autosar.org/about/partners/core-partner). The Infringement Claim Chart alleges that "[u]pon information and belief, the '100 Accused Instrumentalities implement security mechanisms described in the specifications of AUTOSAR AP . . . to enhance the safety and reliability of vehicles." Id. at Ex. J3. Although Plaintiff requested specific information from Ford about the vehicular security mechanisms implemented by Ford, this request was declined. Compl. ¶¶ 34–39.

The factual allegations and exhibits provided in the Complaint sufficiently state a claim for direct infringement. Plaintiff plausibly alleged that the accused products comply with the AUTOSAR standard and connected the asserted claims

to the AUTOSAR standard, which is all the law requires of Plaintiff at this stage of the case. Ford's motion to dismiss the direct infringement cause of action against the '100 patent is denied.

### B. '491 Patent

Defendant moves to dismiss AutoConnect's claim of infringement of the '491 patent because AutoConnect failed to show that Ford's vehicles include a signal processor that determines load, infringing on Claims 11 and 16 of the patent. Def.'s Br. at 20–21. Defendant argues that Plaintiff cited only two videos hosted on Apple's and Google's websites, neither of which explained that a signal processor in the vehicle communication system is operable to "determine load." Id. at 21. Plaintiff avers that its Complaint provides specific details and examples sufficient to state a claim of infringement. Pl.'s Resp. Br. at 19–21.

Plaintiff focuses on its Infringement Claim Chart, which explains that the "load can be determined by monitoring the volume of data transferred with the mobile device and the types of tasks being handled by the '491 Accused Instrumentalities," and "the '491 Accused Instrumentalities establish a CarPlay session by transmitting information to a mobile device and receiving information from the mobile device through communication protocols. The signal processor analyses this information to determine load." Id. at 19–20. Indeed, the allegations set forth in AutoConnect's '491 Patent Infringement Claim Chart provide

sufficient detail and examples to state a claim at this stage of the proceedings.

Ford's motion to dismiss the '491 patent is denied.

Court No. 1:24-cv-01327-JCG                                                                 Page 15

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that Ford's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 12) is denied; and it is further

**ORDERED** that, not later than thirty (30) days from the date of this Order, the Parties shall meet and confer and file a joint proposed Scheduling Order in this action consistent with the applicable form Scheduling Order of Judge Connolly, which is posted at https://www.ded.uscourts.gov/ (See Chambers, Chief Judge Colm F. Connolly), along with a cover letter requesting the Court to enter the joint proposed Scheduling Order (if there are no disputes or other issues concerning scheduling that the Court needs to address) or to schedule the Scheduling Conference.  If the Parties are unable to agree upon a proposed scheduling order, each Party shall file a proposed scheduling order by the deadline and contact my Case Manager, Steve Taronji, by telephone at (212) 264-1611 or via e-mail at steve_taronji@cit.uscourts.gov, to arrange a conference with the Court.

DATED: September 24, 2025

                                                /s/ Jennifer Choe-Groves
                                                    Jennifer Choe-Groves*
                                                 U.S. District Court Judge

---

* Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.