# EXHIBIT L

Director_Discretionary_Decision@uspto.gov  Paper 11
571-272-7822  Date: February 10, 2026

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE OFFICE OF THE UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE

FORD MOTOR COMPANY,
Petitioner,

v.

AUTOCONNECT HOLDINGS LLC,
Patent Owner.

IPR2026-00002
Patent 9,147,296 B2

Before JOHN A. SQUIRES, *Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office*.

DECISION
Denying Institution of *Inter Partes* Review

IPR2026-00002
Patent 9,147,296 B2

AutoConnect Holdings LLC ("Patent Owner") filed a request for discretionary denial (Paper 6, "DD Req.") in the above-captioned case, and Ford Motor Company ("Petitioner") filed an opposition (Paper 8, "DD Opp."). With authorization, Patent Owner filed a Reply (Paper 9).

After considering the parties' arguments and the record, and in view of all relevant considerations, discretionary denial of institution is appropriate in this proceeding. *See* Paper 10 ("Notice of Decisions on Institution" or "Notice"), 1. This determination is based on the totality of the evidence and arguments the parties have presented.

In particular, after the Petition was filed in this proceeding, a petition for reexamination was filed by a third-party, and the Office ordered an *ex parte* reexamination[1] on November 21, 2025, prior to an institution decision in this proceeding. *See* Paper 7, 2. In the *ex parte* reexamination, the Office identified a substantial new question of patentability affecting all claims of the challenged patent. *See* Control No. 90/015,634 Order mailed Nov. 21, 2025. Absent exceptional circumstances, such as gamesmanship by Patent Owner filing a petition for reexamination or collusive litigation tactics, it would not be an efficient use of Office resources to institute a trial when there is an ongoing reexamination of the same claims at issue.[2]

---

[1] Control No. 90/015,634.
[2] On the other hand, if a trial already has been instituted, it may be an efficient use of Office resources to continue the proceeding because the Office typically will stay a reexamination pending resolution of the trial. *See* 35 U.S.C. § 315(d); 37 C.F.R. § 42.122(a); *Notice Regarding Options for Amendments by Patent Owner Through Reissue or Reexamination During a Pending AIA Trial Proceeding*, 84 Fed. Reg. 16,654, 16,656 (Apr. 22, 2019).

IPR2026-00002
Patent 9,147,296 B2

Although certain arguments are highlighted above, the determination to exercise discretion to deny institution is based on a holistic assessment of all of the evidence and arguments presented. Accordingly, the Petition is denied under 35 U.S.C. § 314(a).

In consideration of the foregoing, it is:

ORDERED that Patent Owner's request for discretionary denial is *granted*; and

FURTHER ORDERED that the Petition is *denied*, and no trial is instituted.

IPR2026-00002
Patent 9,147,296 B2

FOR PETITIONER:

Andrew Turner
John LeRoy
Christopher Smith
Cameron Anstess
BROOKS KUSHMAN P.C.
aturner@brookskushman.com
jleroy@brookskushman.com
csmith@brookskushman.com
canstess@brookskushman.com

FOR PATENT OWNER:

Eric A. Zelepugas
Robert A. Conley
AVANTECH LAW, LLP
zelepugas@avantechlaw.com
conley@avantechlaw.com

4