# EXHIBIT N

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/015,453 | 08/18/2025 | 9020491 | 04305.9047-00000 | 3691 |

192827    7590    09/09/2025
Avantech Law, LLP
80 S 8th St, Suite 900
Minneapolis, MN 55402

| EXAMINER |
|---|
| NASSER, ROBERT L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/09/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER LLP
901 NEW YORK AVENUE, NW
WASHINGTON, DISTRICT OF COLUMBIA 20001-
44133

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/015,453* .

PATENT UNDER REEXAMINATION *9020491* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No.<br>90/015,453 | Patent Under Reexamination<br>9020491 |
|---|---|---|
| | Examiner<br>ROBERT L NASSER | Art Unit<br>3992 | AIA (FITF) Status<br>No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>08/18/2025</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐   PTO-892,      b)☒   PTO/SB/08,    c)☐   Other: ____

1. ☒   The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

cc:Requester ( if third party requester )

Application/Control Number: 90/015,453 Page 2
Art Unit: 3992

## Decision on Request

A substantial new question of patentability (SNQ) affecting claims 11-20 of US Patent 9,020,491 (the '491 patent) to Ricci is deemed to be raised by the Request For Ex Parte Reexamination (the request), which was filed August 18 2025.

Since requester did not request reexamination of claims 1-10 and did not assert the existence of a substantial new question of patentability (SNQ) for such claims (see 35 U.S.C. § 302); see also 37 CFR 1.510b and 1.515), such claims will not be reexamined. This matter was squarely addressed in *Sony Computer Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462. The District Court upheld the Office's discretion to not reexamine claims in a reexamination preceding other than those claims for which reexamination had specifically been requested. The Court stated:

> "To be sure, a party may seek, and the PTO may grant, ...review of each and every claim of a patent. Moreover, while the PTO in its discretion may review claims for which ... review was not requested, nothing in the statute compels it to do so. To ensure that the PTO considers a claim for ... review, ...requires that the party seeking reexamination demonstrate why the PTO should reexamine each and every claim for which it seeks review. Here, it is undisputed that **Sony** did not seek review of every claim under the '213 and '333 patents. Accordingly, **Sony** cannot now claim that the PTO wrongly failed to reexamine claims for which **Sony** never requested review, and its argument that AIPA compels a contrary result is unpersuasive."

## Prior Art Cited in the Request

US Patent 8,473,575 to Marchwicki et al, filed 8/26/2010 and issued 6/25/2013 ("Marchwicki").

US PG PUB 2011/0296037 to Westra et al, filed 5/27/2010 and published 12/1/2011 ("Westra").

US PG PUB 2013/0059538 to King, filed 9/21/2011 and issued 3/7/2013 ("King").

JP 2003-283421 and certified translation to Fujita, filed 5/10/2002 and published 10/3/2003 ("Fujita").

| | |
|---|---:|
| Application/Control Number: 90/015,453 | Page 3 |
| Art Unit: 3992 | |

JP 2010-199717 and certified translation to Kitahara, filed 2/23/2009 and published 9/9/2010 ("Kitahara").

Issues Raised By the Request

**Issue 1**:  The request alleges that the technological teachings of the Marchwicki and Fujita alone or in combination with King, and Westra raise a substantial new question (SNQ) of patentability regarding claims 11-20 of the '491 patent as follows:

    a. The request alleges that the technological teachings of Marchwicki and Fujita raise a SNQ with respect to claim 16 of the '491 patent.

    b. The request alleges that the technological teachings of Marchwicki, Fujita, and King raise a SNQ with respect to claims 11-15 and 17 of the '491 patent.

    c. The request alleges that the technological teachings of Marchwicki, Fujita, King and Westra raise a SNQ with respect to claims 11-15 and 17-20 of the '491 patent.

Marchwicki was filed August 2010, which predates the earliest possible filing date of the '491 patent.  Fujita published in 2003, which predates the earliest possible filing date of the '491 patent by more than one year.   King was filed September 2011, which predates the earliest possible filing date of the '491 patent.  Westra filed May 2010, which predates the earliest possible filing date of the '491 patent. As such, Marchwicki, Fujita, and Westra qualify as prior art under at least 35 USC 102(e) and King qualifies as prior art under 35 USC 102(b).

Application/Control Number: 90/015,453 Page 4
Art Unit: 3992

**Issue 2**: The request alleges that the technological teachings of the Marchwicki, Kitahara, and Fujita alone or in combination with Westra raise a substantial new question (SNQ) of patentability regarding claims 11-20 of the '491 patent as follows:

a. The request alleges that the technological teachings of Marchwicki, Kitahara and Fujita raise a SNQ with respect to claims 11-15 and 17 of the '491 patent.

b. The request alleges that the technological teachings of Marchwicki, Kitahara, Fujita, and Westra raise a SNQ with respect to claims 11-15 and 17-20 of the '491 patent.

Kitahara was published in September 2010, which predates the earliest possible filing date of the '491 patent by more than one year. Hence, Kitahara qualifies as prior art under 35 UC 102(b).

Background

Claims 11-20 are current claims in the Ricci patent (9,020,49) that issued April 28, 2015, from application 13/679,857 (the '857 application") filed November 16, 2012.

US Patent 9,020,491 is generally drawn to a communication system for communicating between a car and a user device located in the car.

**Prosecution History**

1. The '857 application was filed with claims 1-20.

2. In the first action, dated 6/27/2014, claims 16-20 and claims 1-15 were allowed. The Examiner stated that claims 1-15 were allowable in that the prior art of record failed to disclose the totality of the claimed subject matter.

3. In the response of 9/26/2014, Applicant made minor amendments to claims 1-15 and amended claims 16-20 to overcome the 101 rejection.

4. The Examiner responded with a notice of allowance issuing claims 1-20, with no further reasons for allowance.

5. As such, it seems that the key features missing from the prior art at the time of allowance was a communication system as set forth in the claims.

## Scope of Reexamination

On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):

> The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office.

Application/Control Number: 90/015,453 Page 6
Art Unit: 3992

For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art, i.e., "old art," does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis. In the present instance, an SNQ appears to exist based on the existence of newly uncovered prior art that was not before the Examiner at the time of examination.

### 35 USC 325(d)

A review of the post grant history for the underlying patent indicates that there have been no other Office post grant challenges made to the patent (Reexamination Proceedings, Inter Partes Reviews, Post Grant Review, or Covered Business Method trials). Accordingly, a discretionary denial of reexamination pursuant to 35 USC 325(d) is not applicable.

### Analysis

The Almeroth declaration has been considered in its entirety.

**Issue 1:** None of Marchwicki, Fujita, King, and Westra were of record during prosecution of the '187 patent and are all of the references are new art.

It is agreed that the technological teachings of Marchwicki and Fujita raise a SNQ with respect to claims 11-20 of the '491 patent. Marchwicki an application activation method for

interfacing a vehicle computing system 1 with a remote or nomadic device 53, such as a cell phone or PDA.  The remote device communicates with a Bluetooth transceiver 15 in the computer system via line 14 in figure 1.  Marchwicki describes a method for accessing an app on the nomadic device using the vehicle computer system (see column 4, lines 29-37, column 5, lines 30+ and figure 4).  In this method, the vehicle system 1 connects to the remote device 53 through the Bluetooth link (column 4, lines 57-58).  The user inputs a request to the computing system 1 for the use of an application on the remote device 53, such as PANDORA, and the computing system 1 then submits a command to the remote device (see 509 in figure 5).  The remote device receives the command activates the application and sends control to the vehicle computing system 1 to control the application, and, for example, play PANDORA through the vehicle speaker system.  Alternatively, the application may be displayed on a display of the vehicle computing system (see column 7, lines 4-7).   Marchwicki searches for compatible services to launch the application (see column 5, lines 4-10).  In addition, Fujita teaches a vehicle communication system between a remote device and the vehicle computer, where the system determines the load on the communication terminals and uses the terminal with no load or a light load.  See paragraph [0011.  As such, Marchwicki  and Fujita appear to show the key feature missing at the time of allowance of claim 16 of the '491 patent, a communication system between a vehicle computing system and a portable device that launches an application from the remote device onto a display of the vehicle system.  In addition, King teaches using multiple Bluetooth terminals inside a vehicle for communicating with remote devices (see throughout) and Westra teaches a similar system to Marchwicki that uses multiple communications channels for multiple devices (see paragraph [00902] for example).  As such, Marchwicki, Fujita, King and Westra appear to show the features missing at the time of allowance of claims 1-15 and 17-

20 of the '491 patent, which are two Bluetooth transceivers in combination with the features discussed above regarding claim 16. Since the teachings of Marchwicki and Fujita, alone or in combination with King and Westra directly related to the subject matter considered as the basis for allowability of patent claims 11-20 of the '491 patent, a reasonable examiner would consider the evaluation Marchwicki, Fujita, King, and Westra to be important in determining the patentability of claims 11-20. As such, the teachings of Marchwicki, Fujita, King, and Westra are deemed to raise an SNQ on claims 11-20 of the '491 patent.

**Issue 2**: Kitahara was not of record during prosecution of the '491 patent and therefore constitutes new art.

It is agreed that the technological teachings of Marchwicki, Kitahara and Fujita raise a SNQ with respect to claims 11-20 of the '491 patent. Marchwicki an application activation method for interfacing a vehicle computing system 1 with a remote or nomadic device 53, such as a cell phone or PDA. The remote device communicates with a Bluetooth transceiver 15 in the computer system via line 14 in figure 1. Marchwicki describes a method for accessing an app on the nomadic device using the vehicle computer system (see column 4, lines 29-37, column 5, lines 30+ and figure 4). In this method, the vehicle system 1 connects to the remote device 53 through the Bluetooth link (column 4, lines 57-58). The user inputs a request to the computing system 1 for the use of an application on the remote device 53, such as PANDORA, and the computing system 1 then submits a command to the remote device (see 509 in figure 5). The remote device receives the command activates the application and sends control to the vehicle computing system 1 to control the application, and, for example, play PANDORA through the vehicle speaker system. Alternatively, the application may be displayed on a display of the

vehicle computing system (see column 7, lines 4-7). Marchwicki searches for compatible services to launch the application (see column 5, lines 4-10). In addition, Fujita teaches a vehicle communication system between a remote device and the vehicle computer, where the system determines the load on the communication terminals and uses the terminal with no load or a light load. See paragraph [0011]. In addition, Kitahara shows a vehicle communication system like that of Marchwicki that uses several bluetooth transceivers (see paragraphs [0020]-[0021] and [0035]). As such, Marchwicki, Fujita, and Kitahara appear to show the features missing at the time of allowance of claims 10-15 and 17-20 of the '491 patent, which are two Bluetooth transceivers in combination with the features discussed above regarding claim 16. Since the teachings of Marchwicki and Fujita, alone or in combination with Kitahara directly related to the subject matter considered as the basis for allowability of patent claims 11-20 of the '491 patent, a reasonable examiner would consider the evaluation Marchwicki, Fujita, and Kitahara to be important in determining the patentability of claims 11-20. As such, the teachings of Marchwicki, Fujita, and Kitahara are deemed to raise an SNQ on claims 11-15 and 17-20 of the '491 patent.

### *Service of Papers*

After the filing of a request for reexamination by a third party requester, any document filed by either the patent owner or the third party requester must be served on the other party (or parties where two or more third party requester proceedings are merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. See 37 CFR 1.550(f).

| | |
|---|---:|
| Application/Control Number: 90/015,453 | Page 10 |
| Art Unit: 3992 | |

### Waiver of Right to File Patent Owner Statement

In a reexamination proceeding, Patent Owner may waive the right under 37 C.F.R. 1.530 to file a Patent Owner Statement. The document needs to contain a statement that Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement and proof of service in the manner provided by 37 C.F.R. 1.248, if the request for reexamination was made by a third party requester, see 37 C.F.R 1.550(f). The Patent Owner may consider using the following statement in a document waiving the right to file a Patent Owner Statement:

### Extensions of Time

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

### Amendment in Reexamination Proceedings

Patent Owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally presented pursuant to 37 CFR 1.52(a) and (b), and must contain any fees required by 37 CFR 1.20(c). See MPEP § 2250(IV) for examples to assist in the preparation of proper proposed amendments in reexamination proceedings.

| Application/Control Number: 90/015,453 | Page 11 |
|---|---|
| Art Unit: 3992 | |

## Submissions

In order to ensure full consideration of any amendments, affidavits or declarations or other documents as evidence of patentability, such documents must be submitted in response to the first Office action on the merits (which does not result in a close of prosecution). Submissions after the second Office action on the merits, which is intended to be a final action, will be governed by the requirements of 37 CFR 1.116, after final rejection and by 37 CFR 41.33 after appeal, which will be strictly enforced.

## Notification of Concurrent Proceedings

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 9,202,491 throughout the course of this reexamination proceeding. Likewise, if present, the third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

All correspondence relating to this ex parte reexamination proceeding should be directed:

Electronically: Registered users may submit via Patent Center at https://patentcenter.uspto.gov/.

By Mail to:  Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

| | |
|---|---|
| Application/Control Number: 90/015,453 | Page 12 |
| Art Unit: 3992 | |

By FAX to:  (571) 273-9900
 Central Reexamination Unit

By hand:  Customer Service Window
 Knox Building
 501 Dulany Street
 Alexandria, VA 22314

For Patent Center transmissions, 37 CFR 1.8(a)(1)(i)(C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the USPTO patent electronic filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

Any inquiry concerning this communication or earlier communications from Examiner, or as to the status of this proceeding, should be directed to the Examiner at (571) 272-4731 or his supervisor, Alexander Kosowski at (571) 272-4731. General Inquiries should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

/ROBERT L NASSER/
CRU Primary Examiner
AU 3992
(571) 272-4731

Conferees:

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992