# EXHIBIT R

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,866 | 02/26/2025 | 10862764 | UP-EPR-10862764 | 8955 |

192827          7590          04/28/2025
Avantech Law, LLP
80 S 8th St, Suite 900
Minneapolis, MN 55402

| EXAMINER |
|---|
| ROSWELL, MICHAEL |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/28/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Unified Patents, LLC
4445 Willard Avenue, Suite 600
Chevy Chase, MD 20815

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,866* .

PATENT UNDER REEXAMINATION  *10862764* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| ***Order Granting Request For Ex Parte Reexamination*** | **Control No.** 90/019,866 | **Patent Under Reexamination** 10862764 | |
|---|---|---|---|
| | **Examiner** MICHAEL R ROSWELL | **Art Unit** 3992 | **AIA (FITF) Status** No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 02/26/2025 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐   PTO-892,      b)☑   PTO/SB/08,      c)☐   Other: _____

1. ☑   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| /MICHAEL ROSWELL/ Primary Examiner, Art Unit 3992 | | |
|---|---|---|
| cc:Requester ( if third party requester ) | | |

Application/Control Number: 90/019,866                                          Page 2
Art Unit: 3992

## DECISION ON REQUEST FOR EX PARTE REEXAMINATION

This Office Action is in response to a request for reexamination of claims 1-19 of US Patent 10,862,764 ("the '764 Patent"), submitted by Requester (3PR) on 26 February 2025.

A substantial new question of patentability affecting claims 1-19 of US Patent 10,862,764 is raised by the request for *ex parte* reexamination.

The Requester did not request reexamination of claim 20 of the '764 Patent and did not assert the existence of a substantial new question of patentability for such claim. Subsequently, claim 20 will not be reexamined. The Office's determination in both the order for reexamination and the examination stage of the reexamination ordered will generally be limited solely to a review of the claim(s) for which reexamination was requested (see MPEP §§ 2240 and 2243). Additionally, if a Requester fails to set forth the pertinency and manner of applying the cited art to a claim as required by 37 CFR 1.510(b), that claim will generally not be reexamined[1].

It is noted that Patent Owner has agreed to waive its right to file a patent owner's statement under 35 USC 304 (see Ex Parte Reexamination Interview Summary of 9 April 2025). Accordingly, a first Office action on the merits will be issued in due course.

### *Scope of Reexamination*

Claims 1-19 **will be** reexamined as requested.

Claim 20 **is not** subject to reexamination.

---

[1] See *Sony Computer Entertainment America Inc. v. Dudas*, 85 USPQ2d 1594 (E.D. Va 2006). The decision of the District Court upheld the Office's discretion to not reexamine claims in an *Inter Partes* Reexamination proceeding other than those claims for which reexamination had specifically been requested.

Application/Control Number: 90/019,866                                             Page 3
Art Unit: 3992

### *35 USC 325(d)*

A review of the post grant history for the underlying patent indicates that there have

been no other Office post grant challenges made to the patent (Reexamination Proceedings or

Inter Partes Review, Post Grant Review, Covered Business Method trials).  Accordingly, a

discretionary denial of reexamination pursuant to 35 USC 325(d) is not applicable.

### *Information Disclosure Statement*

Regarding Information Disclosure Statement (IDS) submissions, MPEP § 2256 recites:

"Where patents, publications, and other such items of information are submitted by a party

(Patent Owner or Requester) in compliance with the requirements of the rules, the requisite

degree of consideration to be given to such information will normally be limited by the degree to

which the party filing the information citation has explained the content and relevance of the

document.  The initials of the examiner placed adjacent to the citations on the form PTO/SB/08

or its equivalent, without an indication to the contrary in the record, do not signify that the

document has been considered by the examiner any further than to the extent noted above."

Accordingly, the IDS submission filed by 3PR on 26 February 2025 has been considered

by the Examiner only within the scope required by MPEP § 2256, unless otherwise noted.

### *Summary of Prosecution History*

### US Application 16/243,051

The '764 Patent was filed as US Application 16/243,051 ("the '051 Application") on 8

January 2019.  The '051 Application originally presented claims 1-20, including independent

claims 1, 11, and 16.  A preliminary amendment cancelling claims 1-20 and presenting new

claims 21-40 was filed on 3 February 2019.  A second preliminary amendment providing

annotation of the claims was filed 4 February 2019.

Subsequent to the 4 February 2019 filings, the Office issued a Notice of Allowability on 28 July 2020, allowing claims 21-40, of which claim 21 was the sole independent claim.  The stated Reasons for Allowance failed to discuss the nature of the claims with respect to any explicitly cited prior art documents, and provided the following as the allowance rationale (Notice of Allowability at 2):

> The primary reason for the allowance is that it has not been shown or reasonably suggested by the prior art of record to have [a] vehicle control system; a power control module; a device configured to communicate with the vehicle control system, the device connected to the power control module and attached to the vehicle; and a plurality of sensors configured to communicate via [a] communication network with the vehicle control system and the device, wherein the vehicle control system is configured to use computing capability of the device and in combination with the other recited limitations in claims supported by this application, which are also not found in the prior art of record.

The Notice of Allowability included a Notice of References Cited listing ten (10) US Patents and four (4) US Patent Publications, variously to inventors **Camevali**, **Schmidt**, **Baldas**, **McLellen**, **Ricci** (the named inventor of the '764 Patent), **Gibson**, **Lu**, and **Gray**.

US Patent 10,862,764 was published on 8 December 2020 with 20 claims.


**Prior Art Cited in the Request**

The instant Request at 7-9 indicates that the following four (4) prior art references present substantial new questions of patentability with respect to claim 1:


- **Chutorash** – PCT Publication WO 2009/073806 A2, published 11 June 2009

- **Smith** – US Patent 6,919,821 B1, published 19 July 2005

- **Burghardt** – German Patent DE 102009021138 A1, published 18 November 2010

- **Malawey** – US Publication 2008/0266552 A1, published 30 October 2008

Application/Control Number: 90/019,866                                    Page 5
Art Unit: 3992

As asserted by the Request at 9, none of the prior art in the Request were cited during prosecution of the '764 Patent or have been "(A) decided in a final holding of invalidity by a federal court in a decision on the merits involving the claims, after all appeals; (B) decided in an earlier concluded examination or review of the patent by the Office; or (C) raised to or by the Office in a pending reexamination or supplemental examination of the patent", per MPEP § 2242.


**Affidavits, Declarations, or Other Written Evidence**

The Examiner recognizes the declaration of Christopher K. Wilson (Exhibit 1003), referenced in support of Third Party Requester.  The declaration has been considered and made of record.  The Examiner further notes that affidavits or declarations or other written evidence which explain the contents or pertinent dates of prior art patents or printed publications in more detail may be considered in reexamination (MPEP § 2258(I)(E)), but any rejection must be based upon the prior art patents or printed publications as explained by the affidavits or declarations or other written evidence.


**Substantial New Questions of Patentability**

The presence or absence of a "substantial new question of patentability" determines whether or not reexamination is ordered.  For a substantial new question of patentability to be present, it is only necessary that: (A) the prior art patents and/or printed publications raise a substantial question of patentability regarding at least one claims, i.e., the teaching of the (prior art) patents and printed publications is such that a reasonable examiner would consider the teaching to be important in deciding whether or not the claim is patentable; and (B) the same question of patentability as to the claim has not been decided by the Office in an earlier concluded examination or review of the patent, raised to or by the Office in a pending

Application/Control Number: 90/019,866                                      Page 6
Art Unit: 3992

reexamination or supplemental examination of the patent, or decided in a final holding of

invalidity (after all appeals) by a federal court in a decision on the merits involving the claim.  If a

reexamination proceeding was terminated/vacated without resolving the substantial question of

patentability question, it can be re-presented in a new reexamination request.  It is not

necessary that a "prima facie" case of unpatentability exist as to the claim in order for a

substantial new question of patentability to be present.  Thus, a substantial new question of

patentability as to a patent claim could be present even if the examiner would not necessarily

reject the claim as either fully anticipated by, or obvious in view of, the prior art patents of

printed publications (see MPEP § 2242(I)).

In a decision to order reexamination made on or after 2 November 2002, reliance on old

art does not necessarily preclude the existence of a substantial new question of patentability

that is based exclusively on that old art. See Public Law 107-273, 116 Stat. 1758, 1899-1906

(2002), which expanded the scope of what qualifies for a substantial new question of

patentability upon which a reexamination may be based.  Determinations on whether a

substantial new question of patentability exists in such an instance shall be based upon a fact-

specific inquiry done on a case-by-case basis.  For example, a substantial new question of

patentability may be based solely on old art where the old art is being presented/viewed in a

new light, or in a different way, as compared with its use in the earlier examination(s), in view of

a material new argument or interpretation presented in the request.  Such material new

argument or interpretation may be based solely on claim scope of the patent being reexamined

(see: MPEP 2242(II)(A)).

The instant request includes four (4) proposed grounds of rejection, reproduced herein

(see Request at 29):

Application/Control Number: 90/019,866                                                    Page 7
Art Unit: 3992

| Ground | Claims | Statute | Prior Art |
|--------|--------|---------|-----------|
| 1 | 1, 2, 4-8, 10-14, and 19 | § 103 | Chutorash |
| 2 | 3 and 9 | § 103 | Chutorash in view of Smith |
| 3 | 15 and 16 | § 103 | Chutorash in view of Burghardt |
| 4 | 17 and 18 | § 103 | Chutorash in view of Malawey |

Claim 1 is an independent claim. Claims 2-20 are dependent claims depending either directly or indirectly from claim 1.

### SNQ 1: Claims 1, 2, 4-8, 10-14, and 19 in view of Chutorash

The Request proposes rejections of claims 1, 2, 4-8, 10-14, and 19 over **Chutorash**, at 29-68.

The limitations of independent claim 1 formed the basis of the Reasons for Allowance in the 28 July 2020 Notice of Allowability. As such, the limitations of claim 1 are critical to the patentability of the '764 Patent.

**Independent claim 1** recites**:**

*A vehicle system, comprising:*

*a vehicle;*

*a communication network;*

*a vehicle control system;*

*a power control module;*

*a device configured to communicate with the vehicle control system, the device connected to the power control module and attached to the vehicle; and*

*a plurality of sensors configured to communicate via the communication network with the vehicle control system and the device, wherein*

*wherein the vehicle control system is configured to use computing capability of the device.*

### Chutorash

The **Chutorash** reference generally discloses a "control system for mounting in a vehicle and for providing information to a portable electronic device" (abstract).  **Chutorash** seeks to provide "improved user interface features and/or connectivity features relating to vehicle control systems, remote sources, and/or portable devices" ([0004]).

Regarding the limitations "*a vehicle; a communication network; a vehicle control system; [and] a power control module*", **Chutorash** discloses a vehicle, as in Fig. 1; a communication network (at least using communication device 120 to establish a communication link with a portable electronic device 116, at [0053] and a vehicle data bus 1002, at [0101]); a vehicle control system (vehicle control system 106 may be used to control vehicle subsystems, as at [0049]); and a power control module (seen in the physical connection to a portable electronic device that allows for power charging, at [0050]).

With respect to "*a device configured to communicate with the vehicle control system, the device connected to the power control module and attached to the vehicle*", **Chutorash** discloses a portable electronic device that may communicate with the vehicle control system and is physically connected to a power control module ([0050]).  The portable electronic device may be attached to the vehicle through holder 302 ([0050] and Fig. 3).

Regarding the limitation "*a plurality of sensors configured to communicate via the communication network with the vehicle control system and the device*", **Chutorash** discloses a plurality of sensors that provide information to the vehicle control system over a communication

network, at [0101]. Vehicle status information, including sensor data, may be communicated to the portable electronic device, at [0101].

With respect to the limitation "*wherein the vehicle control system is configured to use computing capability of the device*", **Chutorash** discloses that the portable device may process information, files, signals, etc. provided from the vehicle control system ([0093]).

As such, it is agreed that **Chutorash** raises an SNQ with respect to claim 1 of the '764 Patent. There is substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claim is patentable.

**Claims 2, 4-8, 10-14, and 19** depend either directly from claim 1, or depend from claim 1 as part of a chain of dependency. Therefore, there is substantial likelihood that a reasonable examiner would consider the teachings of **Chutorash** important in deciding whether or not these claims are patentable.

The **Chutorash** reference was not of record in the prior original examination and thus was not previously discussed by the examiner nor applied to any of the claims in the prior original examination.

Accordingly, **Chutorash** raises a substantial new question of claims 1, 2, 4-8, 10-14, and 19. Such question has not been decided in a previous examination of the '764 Patent, nor was there a final holding of invalidity by the Federal courts regarding the '764 Patent.


### SNQ 2: Claims 3 and 9 in view of Chutorash and Smith

The Request proposes a rejection of claims 3 and 9 over **Chutorash** in view of **Smith** (see Request at 68-74).


### Chutorash and Smith

**Smith** discloses systems and methods for collecting meteorological data using vehicular sensors. Taken alone, **Smith** is not sufficient to raise an SNQ with respect to the subject matter

identified as central to the patentability of the '764 Patent.  However, when taken in combination with **Chutorash**, such combination is sufficient to raise an SNQ with respect to claims 3 and 9.

The **Chutorash** and **Smith** references were not of record in the prior original examination and thus were not previously discussed by the examiner nor applied to any of the claims in the prior original examination.

Accordingly, **Chutorash** and **Smith** raise a substantial new question of claims 3 and 9. Such question has not been decided in a previous examination of the '764 Patent, nor was there a final holding of invalidity by the Federal courts regarding the '764 Patent.

### SNQ 3: Claims 15 and 16 in view of Chutorash and Burghardt

The Request proposes a rejection of claims 15 and 16 over **Chutorash** in view of **Burghardt** (see Request at 74-78).

### Chutorash and Burghardt

**Burghardt** discloses the measuring of driver health telemetry using sensors disposed within a steering wheel.  Taken alone, **Burghardt** is not sufficient to raise an SNQ with respect to the subject matter identified as central to the patentability of the '764 Patent.  However, when taken in combination with **Chutorash**, such combination is sufficient to raise an SNQ with respect to claims 15 and 16.

The **Chutorash** and **Burghardt** references were not of record in the prior original examination and thus were not previously discussed by the examiner nor applied to any of the claims in the prior original examination.

Accordingly, **Chutorash** and **Burghardt** raise a substantial new question of claims 15 and 16.  Such question has not been decided in a previous examination of the '764 Patent, nor was there a final holding of invalidity by the Federal courts regarding the '764 Patent.

Application/Control Number: 90/019,866                                     Page 11
Art Unit: 3992

### SNQ 4: Claims 17 and 18 in view of Chutorash and Malawey

The Request proposes a rejection of claims 17 and 18 over **Chutorash** in view of **Malawey** (see Request at 79-82).

### Chutorash and Malawey

**Malawey** discloses the use of safety data sensors positioned within a vehicle.  Taken alone, **Malawey** is not sufficient to raise an SNQ with respect to the subject matter identified as central to the patentability of the '764 Patent.  However, when taken in combination with **Chutorash**, such combination is sufficient to raise an SNQ with respect to claims 17 and 18.

The **Chutorash** and **Malawey** references were not of record in the prior original examination and thus were not previously discussed by the examiner nor applied to any of the claims in the prior original examination.

Accordingly, **Chutorash** and **Malawey** raise a substantial new question of claims 17 and 18.  Such question has not been decided in a previous examination of the '764 Patent, nor was there a final holding of invalidity by the Federal courts regarding the '764 Patent.

### *Conclusion*

Claims 1-19 **will be** reexamined as requested.

Claim 20 **is not** subject to reexamination.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding.  Additionally, 35 USC 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

Application/Control Number: 90/019,866                                    Page 12
Art Unit: 3992

       The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving US

Patent 10,862,764 throughout the course of this reexamination proceeding.  The third party

requester is also reminded of the ability to similarly apprise the Office of any such activity or

proceeding throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282,

and 2286.


**All** correspondence relating to this *ex parte* reexamination proceeding should be directed:


Electronically:

       Registered users may submit via Patent Center at https://patentcenter.uspto.gov/


By Mail to:

       Mail Stop *Ex Parte* Reexam
       Central Reexamination Unit
       Commissioner for Patents
       United States Patent & Trademark Office
       P.O. Box 1450
       Alexandria, VA 22313-1450


By FAX to:

       (571) 273-9900
       Central Reexamination Unit


By hand:

       Customer Service Window
       Knox Building
       501 Dulany Street
       Alexandria, VA 22314

Application/Control Number: 90/019,866                                              Page 13
Art Unit: 3992

For Patent Center transmissions, 37 CFR 1.8(a)(1)(i)(C) and (ii) states that correspondence
(except for a request for reexamination and a corrected or replacement request for
reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic
filing system in accordance with 37 CFR 1.6(a)(4) , and (b) includes a certificate of transmission
for each piece of correspondence stating the date of transmission, which is prior to the
expiration of the set period of time in the Office action.

Any inquiry concerning this communication should be directed to MICHAEL ROSWELL,

at (571) 272-4055.  General inquiries should be directed to the Central Reexamination Unit at

telephone number (571) 272-7705.

/MICHAEL ROSWELL/
Primary Examiner, Art Unit 3992

Conferees:

/ADAM L BASEHOAR/
Primary Examiner, Art Unit 3992

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992