# EXHIBIT T

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,983 | 06/06/2025 | 9098367 | 698162.0026 | 4074 |

192827        7590        01/07/2026

Avantech Law, LLP
80 S 8th St, Suite 900
Minneapolis, MN 55402

| EXAMINER |
|---|
| WOOD, WILLIAM H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/07/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K STREET, NW
WASHINGTON, DC 20006

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,983* .

PATENT UNDER REEXAMINATION *9098367* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Office Action in Ex Parte Reexamination* | Control No. 90/019,983 | Patent Under Reexamination 9098367 |
|---|---|---|
| | **Examiner** WILLIAM H WOOD | **Art Unit** 3992 \| **AIA (First Inventor to File) Status** Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a. ☐ Responsive to the communication(s) filed on _____.

☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

b. ☐ This action is made FINAL.

c. ☑ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire <u>2</u> month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:
1. ☐ Notice of References Cited by Examiner, PTO-892.      3. ☐ Interview Summary, PTO-474.
2. ☐ Information Disclosure Statement, PTO/SB/08.      4. ☐ _____.

Part II   SUMMARY OF ACTION

1a. ☑ Claims <u>1-5 and 7-30</u> are subject to reexamination.

1b. ☑ Claims <u>6</u> are not subject to reexamination.

2. ☐ Claims _____ have been canceled in the present reexamination proceeding.

3. ☐ Claims _____ are patentable and/or confirmed.

4. ☑ Claims <u>1-5 and 7-30</u> are rejected.

5. ☐ Claims _____ are objected to.

6. ☑ The drawings, filed on <u>02 June 2025</u> are acceptable.

7. ☐ The proposed drawing correction, filed on _____ has been (7a)  ☐ approved (7b)  ☐ disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. 119(a)-(d) or (f).

a) ☐ All  b)  ☐ Some*  c)  ☐None      of the certified copies have

1 ☐ been received.

2 ☐ not been received.

3 ☐ been filed in Application No. _____.

4 ☐ been filed in reexamination Control No. _____.

5 ☐ been received by the International Bureau in PCT application No. _____.

* See the attached detailed Office action for a list of the certified copies not received.

9. ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.

10. ☐ Other: _____

cc: Requester (if third party requester)

Application/Control Number: 90/019,983                                                          Page 2
Art Unit: 3992

## DETAILED ACTION

A Request for *ex parte* Reexamination (herein Request) has been filed by a third party requester (Unified Patents, LLC) for claims 1-5 and 7-30 of U.S. Patent 9,098,367 to Ricci, which issued on August 4, 2015 (herein Ricci '367).

As detailed below, a substantial new question of patentability affecting claims 1-5 and 7-30 of Ricci '367 is raised by the Request. As such the filed request for reexamination was granted. The following is a Detailed Action in consideration of the prior art of record.

### *Notice of Pre-AIA or AIA Status*

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Reexamination*

The reexamination statute, 35 U.S.C. 302, and rules permit any person to file a request for an *ex parte* reexamination containing certain elements and the appropriate fee. The Office initially determines if "a substantial new question of patentability" (35 U.S.C. 303(a)) is presented. If such a new question has been presented, reexamination will be ordered. See MPEP 2200.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)).  Extension of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

Application/Control Number: 90/019,983                                                                Page 3
Art Unit: 3992

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise

the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No.

9,098,367 throughout the course of this reexamination proceeding.  The third party requester is also

reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the

course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

Patent owner is notified that any proposed amendment to the specification and/or claims in this

reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally presented pursuant

to 37 CFR 1.52(a) and (b), and must contain any fees required by 37 CFR 1.20(c).

After the filing of a request for reexamination by a third party requester, any document filed by

either the patent owner or the third party requester must be served on the other party (or parties

where two or more third party requester proceedings are merged) in the reexamination proceeding in

the manner provided in 37 CFR 1.248. See 37 CFR 1.550(f).

Application/Control Number: 90/019,983                                                    Page 4
Art Unit: 3992

### Claim Rejections - 35 USC § 103

In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102

and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory

basis (i.e., changing from AIA to pre-AIA) for the rejection will not be considered a new ground of

rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same

under either status.

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections

set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is
> not identically disclosed as set forth in section 102, if the differences between the claimed invention
> and the prior art are such that the claimed invention as a whole would have been obvious before the
> effective filing date of the claimed invention to a person having ordinary skill in the art to which the
> claimed invention pertains. Patentability shall not be negated by the manner in which the invention
> was made.

Claim(s) 1-4, 7-24, 26-30 is/are rejected under 35 U.S.C. 103 as being unpatentable over US

8,688,320 B2 to Faenger (herein **Faenger**) in view of US 9,055,120 B1 to Firman (herein **Firman**).

_Claim 1_

**Faenger** shows _a method_ (Faenger: column 2, lines 43-55; figure 2)_, comprising: determining, by_

_a microprocessor executable application manager_ (Faenger: column 2, lines 43-55; column 4, lines 29-

35; column 4, lines 63-64; column 7, lines 24-31 and 54-57, controller software including a web

browser)_, vehicle configuration data_ (Faenger: column 7, lines 40-67, identifying vehicle systems and

accessing/manipulating corresponding system data)_, wherein the vehicle configuration data is stored_

_locally in a tangible and non-transitory computer readable memory of a vehicle_ (Faenger: column 4, lines

52-66, storage 112 storing programs and data used by those programs) _and wherein the vehicle_

_configuration data is updated dynamically to reflect a change in the vehicle configuration data_ (Faenger:

Application/Control Number: 90/019,983                                                    Page 5
Art Unit: 3992

figure 2; column 7, lines 41-43; column 8, lines 30-36; dynamically identifying systems for

downloading/updating software post-manufacture), *wherein the vehicle configuration data relates to*

*one or more of an on board hardware and/or software resource, module, algorithm, and/or component*

*and/or a setting and/or property thereof* (Faenger: column 6, line 55 to column 7, line 8; column 11,

lines 56-67; figure 3).

Faenger does not explicitly state *determining, by the application manager, a requirement of a*

*selected application in an application store, wherein the requirement relates to one or more of a*

*microprocessor, central processing unit, a service quality measure of network performance, available,*

*unused, unavailable, and/or in use memory capacity, and operating system, the application store*

*comprising information relating to a plurality of applications available for installation on a vehicle*

*computer, the plurality of applications comprising a plurality of an application related to at least one of a*

*handicap and accessibility graphical user interfaces, an email client, a web browser, a communications*

*application, a game, an entertainment application, a satellite positioning system receiver application, an*

*automotive navigation application or a device, a map application, a medical information application, an*

*emergency service application, a noise suppression application, a news-related application, a vehicle*

*manual related application, a weather information-related application, a biometric application, a travel*

*application, a speech recognition application, an application to read to an operator of the vehicle Really*

*Simple Syndication ("RSS") feeds, Twitter messages, email messages, and/or instant messages, a social*

*networking application, a streaming media application, and a utility application.*

However, **Firman** demonstrates that it was known to download software for a device using an

"application marketplace" which includes application/software requirements (Firman: column 6, line 36

to column 7, line 30) and utilizing the application/software requirements to evaluate compatibility with

a device (Firman: column 6, lines 24-35). Additionally, Faenger demonstrates that it was known for an

application manager to determine requirements related to software modules and related web apps

Application/Control Number: 90/019,983                                                  Page 6

Art Unit: 3992

(Faenger: column 7, lines 40-67, identifying software modules that work with an identified system) and

for the application manager to download additional software modules if compatible with the vehicle

(Faenger: column 8, lines 30-36).  It would have been obvious to one of ordinary skill in the art at the

time of invention to implement the vehicle computer application manager of Faenger (controller

software including a web browser) with access to applications/software from an application

marketplace/store, which has software application requirements as suggested by the teachings of

Firman. It would have further been obvious to implement the application manager of Faenger with

determining a requirement of a selected application/software as suggested by the teachings of Firman

and Faenger. This implementation would have been obvious because one of ordinary skill in the art

would have found: both Faenger and Firman are related to the downloading and installing of

applications/software and both Faenger and Firman are concerned with ensuring a match between

destination device capability/configuration and the software's requirements; Firman's

stores/marketplaces provide a mechanism to share increasingly sophisticated software (Firman: column

1, lines 25-37); and the implementation of a marketplace/store of software and corresponding

requirements is an application of a known element/technique yielding a predictable result with an

acceptable prior art and environment in Faenger.

As such, Faenger and Firman show downloading software as above, and further show software

applications with capabilities such as: *wherein the requirement relates to one or more of a*

*microprocessor, central processing unit, a service quality measure of network performance, available,*

*unused, unavailable, and/or in use memory capacity, and operating system* (Firman: column 6, line 49 to

column 7, line 6; at least OS and CPU)*, the application store comprising information relating to a*

*plurality of applications available for installation* (Firman: column 6, lines 30-35)*, the plurality of*

*applications comprising a plurality of an application related to at least one of a handicap and*

*accessibility graphical user interfaces* (Faenger: column 9, line 21 to column 10, line 8; web applications

Application/Control Number: 90/019,983                                                      Page 7
Art Unit: 3992

with GUI), *an email client, a web browser* (Faenger: column 4, lines 63-64), *a communications application* (Faenger: column 9, line 21 to column 10, line 8, web applications), *a game, an entertainment application* (Faenger: column 9, line 21 to column 10, line 8; column 14, lines 39-52; youtube, streaming, video, entertainment), *a satellite positioning system receiver application, an automotive navigation application or a device, a map application, a medical information application, an emergency service application* (Faenger: column 11, lines 59-61; column 12, lines 23-25, travel/navigation/map/satellite application), *a noise suppression application, a news-related application, a vehicle manual related application* (Faenger: column 6, lines 60-67, error codes related to vehicle manual), *a weather information-related application, a biometric application, a travel application, a speech recognition application* (Faenger: column 5, lines 51-52), *an application to read to an operator of the vehicle Really Simple Syndication ("RSS") feeds, Twitter messages, email messages, and/or instant messages, a social networking application* (Firman: column 23, line 64 to column 24, line 13, social networking, news, messaging), *a streaming media application* (Firman: column 24, lines 49-54, streaming), *and a utility application* (Faenger: column 6, lines 60-67, diagnostics utility; column 11, lines 34-45, showing utility applications using user contacts and addresses).

Faenger and Firman show *comparing, by the application manager, the vehicle configuration data with the requirement of the selected application to determine at least one of whether the selected application can be installed currently in an electronic readable memory of the vehicle computer and/or whether the selected application can be executed currently by the vehicle computer* (Faenger: column 7, lines 40-67, identifying software modules that work with an identified system; and Firman: column 6, lines 24 to column 7, line 30).

*Claim 2*

Application/Control Number: 90/019,983                                                          Page 8

Art Unit: 3992

**Faenger** and **Firman** show *the method of claim 1, further comprising: configuring, by the application manager and for presentation to a user, a graphical interface of the application store based the vehicle configuration data* (Firman: figure 3A, elements 308, 310; column 17, lines 41-64).

Claim 3

**Faenger** and **Firman** show *the method of claim 2, wherein the configuring comprises generating and providing to the user a vehicle compatible listing of applications in the application store* (Firman: figure 3A, elements 308, 310; column 17, lines 41-64).

Claim 4

**Faenger** and **Firman** show *the method of claim 2, wherein the configuring comprises generating and providing to the user one of a vehicle incompatible listing of applications in the application store and a set of requirements for one or more vehicle incompatible applications to be executable by the vehicle computer* (Faenger: column 17, lines 60-64; column 9, lines 1-12).

Claim 7

**Faenger** and **Firman** show *the method of claim 1, wherein the vehicle configuration data relates to one or more of a current vehicle state, configuration, on board hardware and/or software resource, module, algorithm, and/or component and/or a setting and/or property thereof,* (Faenger: column 7, lines 40-67; column 6, line 51 to column 7, line 23) *and wherein the requirement relates to one or more of hardware, vehicle local network performance, memory, operating system, software, and vehicle local network algorithm and/or messaging and/or signaling protocol* (Firman: column 6, line 36 to column 7, line 30).

Application/Control Number: 90/019,983                                                                    Page 9
Art Unit: 3992

_Claim 8_

**Faenger** and **Firman** show _the method of claim 1, wherein the vehicle configuration data relates to one or more of a currently on board vehicle network accessible hardware and/or software resource, module, algorithm, and/or component and/or a setting and/or property thereof_ (Faenger: column 7, lines 40-67; column 6, line 51 to column 7, line 23; Firman: column 15, lines 33-50) _and wherein the requirement relates to one or more of hardware, vehicle local network performance, memory, operating system, software, and vehicle local network algorithm and/or messaging and/or signaling protocol_ (Firman: column 6, line 36 to column 7, line 30).

_Claim 9_

**ART** shows _the method of claim 1, wherein the plurality of applications comprise applications directed to one or more of the following: a vehicle control application, and an application associated with at least one vehicle task, function, and operation, wherein the application store configuration is based on sensed information received from one or more vehicle sensors, and wherein the sensed information comprises one or more of the following: wheel state, vehicle speed, acceleration, deceleration, wheel rotation, wheel speed, wheel slip, power source energy output, engine speed, energy input and/or output, turbine speed, input speed, crankshaft position, manifold absolute pressure, mass flow, switch state, a transmission setting, a gear control current setting, a setting of a power controller, a state of a braking system, a seat setting, a weight and/or identity of seated occupant, exterior sound levels, interior sound levels, safety system state, light setting, brake control setting, accelerator pedal setting or angle, clutch pedal setting, emergency brake pedal setting, door setting, engine temperature, passenger compartment or cabin temperature sensor, window setting, imaging output, odometer reading, trip mileage reading, wind speed, radar transmitter/receiver output, brake wear, steering/torque, oxygen level, ambient lighting, ranging sensor output, parking sensor output, heating, venting, and air conditioning (HVAC)_

Application/Control Number: 90/019,983                                                                    Page 10
Art Unit: 3992

*sensor output, water sensor output, air-fuel ratio meter output, blind spot monitor output, hall effect*

*sensor output, radio frequency (RF) sensor output, infrared (IR) sensor output, vehicle control system*

*sensor output, wireless network sensor output, vehicle location, vehicle direction of travel, and cellular*

*data sensor output* (Faenger: column 9, lines 2-11, fuel sensors, and rate of consumption; column 11,

lines 7-25, vehicle movement status, park/brake; column 11, line 56 to column 12, line 27, positioning,

speed, gear, operating conditions, brake sensors, location).

<u>Claims 10-23</u>

The limitations of claims 10-23 correspond to the limitations of claims 1-4 and 6-9, and

therefore are rejected in a corresponding manner.

<u>Claim 24</u>

**Faenger** and **Firman** show *the device of claim 23, further comprising: a passenger compartment*

*for the vehicle operator; a transmission; a power source to provide power to the transmission; a plurality*

*of sensors to collect the sensed information; and a vehicle control system to control vehicle operations*

(Faenger: column 3, lines 13-24, "… term 'vehicle' … refers to any motorized vehicle including … cars,

trucks, … using various drive systems …"; column 6, line 55 to column 7, line 8).

<u>Claim 26</u>

**Faenger** and **Firman** show *the device of claim 17, further comprising: a passenger compartment*

*for the vehicle operator; a transmission; a power source to provide power to the transmission; a plurality*

*of sensors to collect the sensed information; a vehicle control system to control vehicle operations*

(Faenger: column 3, lines 13-24, "… term 'vehicle' … refers to any motorized vehicle including … cars,

trucks, … using various drive systems …"; column 6, line 55 to column 7, line 8); *and a touch sensitive*

Application/Control Number: 90/019,983                                                    Page 11
Art Unit: 3992

*display adapted to access one or more selected applications* (Faenger: column 5, lines 41-48), *wherein*

*the display comprises a console application tray, the console application tray to provide access to*

*applications in the application store, an icon associated with plural of the applications in the application*

*store* (Firman: column 12, lines 37-47, "market client 222"; figure 2; column 21, lines 39-60, making use

of icons) *being accessible in a first state of the console application tray and not accessible in a second*

*state of the console application* (Firman: as discussed in claims 2-4 and related claims, for returning

compatible/non-compatible applications (comparison/filter results) to the device/vehicle, compatible

applications in a state of accessible and non-compatible applications in a state of not accessible).


<u>Claim 27</u>

      **Faenger** and **Firman** show *the device of claim 17, further comprising: a passenger compartment*

*for the vehicle operator; a transmission; a power source to provide power to the transmission; a plurality*

*of sensors to collect the sensed information; a vehicle control system to control vehicle operations*

(Faenger: column 3, lines 13-24, "... term 'vehicle' ... refers to any motorized vehicle including ... cars,

trucks, ... using various drive systems ..."; column 6, line 55 to column 7, line 8); *and a touch sensitive*

*display adapted to access one or more selected applications* (Faenger: column 5, lines 41-48), *wherein an*

*icon associated with each of plural applications* (Firman: column 12, lines 37-47, "market client 222";

figure 2; column 21, lines 39-60, making use of icons)*, wherein an appearance of each icon indicates*

*whether the corresponding application has been installed and/or purchased or is available for purchase*

*via the application store* (Firman: figure 3A, elements 308, 310; column 17, lines 41-64; available

applications by the appearance of compatible applications)*.*


<u>Claim 28</u>

**Faenger** and **Firman** show *the device of claim 17, further comprising: a passenger compartment*

*for the vehicle operator; a transmission; a power source to provide power to the transmission; a plurality*

*of sensors to collect the sensed information; a vehicle control system to control vehicle operations*

(Faenger: column 3, lines 13-24, "… term 'vehicle' … refers to any motorized vehicle including … cars,

trucks, … using various drive systems …"; column 6, line 55 to column 7, line 8); *and a touch sensitive*

*display adapted to access one or more selected applications* (Faenger: column 5, lines 41-48), *wherein*

*the plural applications in the application store are grouped and/or ranked by one or more of*

*recommended applications for the user, popular applications based on behavior of other users, vehicle*

*compatible application, vehicle incompatible application, and type and/or category of application based*

*on a function provided by the application* (Firman: figure 3A, elements 308, 310; column 17, lines 41-64;

filtered results that are compatible and displayed to a user are "vehicle compatible application", and

"vehicle incompatible application").

*Claim 29*

       **Faenger** and **Firman** show *the device of claim 17, further comprising: a passenger compartment*

*for the vehicle operator; a transmission; a power source to provide power to the transmission; a plurality*

*of sensors to collect the sensed information; a vehicle control system to control vehicle operations*

(Faenger: column 3, lines 13-24, "… term 'vehicle' … refers to any motorized vehicle including … cars,

trucks, … using various drive systems …"; column 6, line 55 to column 7, line 8); *and a touch sensitive*

*display adapted to access one or more selected applications* (Faenger: column 5, lines 41-48), *wherein*

*the microprocessor executable application manager collects data regarding a current vehicle state,*

*configuration, operation, location, and/or occupant(s) and determines whether or not to permit or*

*enable access to all or part of the application store, the determination being based on one or more of a*

Application/Control Number: 90/019,983                                                          Page 13
Art Unit: 3992

*user preference, a vehicle manufacturer policy and/or rule, and/or federal, state, and/or local law*

(Faenger: column 10, lines 35-45; column 11, lines 7-25; at least "policy", or "rule").


*Claim 30*

**Faenger** and **Firman** show *the device of claim 17, further comprising: a passenger compartment*

*for the vehicle operator; a transmission; a power source to provide power to the transmission; a plurality*

*of sensors to collect the sensed information; and a vehicle control system to control vehicle operations*

(Faenger: column 3, lines 13-24, "... term 'vehicle' ... refers to any motorized vehicle including ... cars,

trucks, ... using various drive systems ..."; column 6, line 55 to column 7, line 8), *wherein applications on*

*a black list of applications are excluded from the application store and applications on a white list of*

*applications are included in the application store* (Firman: figure 3A, elements 308, 310; column 17, lines

41-64, compatible applications are "white list" applications, and incompatible applications are "black

list" applications).


Claim(s) 5 is/are rejected under 35 U.S.C. 103 as being unpatentable over US 8,688,320 B2 to

Faenger (herein **Faenger**) in view of US 9,055,120 B1 to Firman (herein **Firman**) in further view of US

8,838,332 B2 to Moinzadeh et al. (herein **Moinzadeh**).


*Claim 5*

**Faenger** and **Firman** do not explicitly show *the method of claim 2, wherein an application store*

*configuration is based on one or more of whether a communication device, separate from the vehicle, is*

*docked or otherwise in signal communication with the application manager and a configuration of*

*and/or applications stored on and executable by the communication device.* **Moinzadeh** shows target

device/vehicle custom configurations for distributing vehicle applications based on user

Application/Control Number: 90/019,983                                                    Page 14
Art Unit: 3992

profiles/configuration (Moinzadeh: column 8, lines 29-42; column 8, lines 52-54; column 9, lines 16-51).

Faenger disclosed a user identifiable communication device separate from the vehicle (Faenger: column

6, lines 33-54, smart phone). It would have been obvious to implement the application store of Firman

with a configuration based on a profile/configuration of a communication device as suggested by the

teachings of Moinzadeh and Faenger. This implementation would have been obvious because one of

ordinary skill in the art would have found: both Faenger and Firman are related to the downloading and

installing of applications/software; both Faenger and Moinzadeh relate to software management in

vehicles; Moinzadeh's application distribution mechanism is safe and intelligent (Moinzadeh: column 8,

lines 29-31); and the implementation of configuring an environment based on a profile/configuration is

an application of a known element/technique yielding a predictable result with an acceptable prior art

and environment.


Claim(s) 25 is/are rejected under 35 U.S.C. 103 as being unpatentable over US 8,688,320 B2 to

Faenger (herein **Faenger**) in view of US 9,055,120 B1 to Firman (herein **Firman**) in further view of US

2011/0082615 A1 to Small et al. (herein **Small**).


*Claim 25*

**Faenger** and **Firman** show *the* device of claim 17, further comprising: a passenger compartment

for the vehicle operator; a transmission; a power source to provide power to the transmission; a

plurality of sensors to collect the sensed information; a vehicle control system to control vehicle

operations (Faenger: column 3, lines 13-24, "... term 'vehicle' ... refers to any motorized vehicle including

... cars, trucks, ... using various drive systems ..."; column 6, line 55 to column 7, line 8); and a touch

sensitive display adapted to access one or more selected applications (Faenger: column 5, lines 41-48).

Application/Control Number: 90/019,983                                                          Page 15
Art Unit: 3992

   **Faenger** and **Firman** do not explicitly show *wherein an icon associated with each of plural*

*installed applications can be moved and/or sized by a user to a desired location on the touch sensitive*

*display to provide a user customized display configuration.* **Small** shows customizing a display made of

zones containing icons by moving those zones and related icons via touch dragging (Small: figure 1;

[0027]-[0028]). It would have been obvious to implement the displayed applications of Faenger and

Firman with user movable/configurable icons on a touch display as suggested by the teachings of Small.

This implementation would have been obvious because one of ordinary skill in the art would have

found: both Faenger and Small are related vehicle touch displays; Small's user customization allows for

an improved user experience (Small: [0008]).


### Correspondence Information

   **All** correspondence relating to this *ex parte* reexamination proceeding may be submitted via:

| | |
|---|---|
| Electronically: | Registered users may submit via Patent Center https://patentcenter.uspto.gov/. |
| By Mail to: | Mail Stop *Ex Parte* Reexam<br>Central Reexamination Unit<br>Commissioner for Patents<br>United States Patent & Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 |
| By FAX to: | (571) 273-9900<br>Central Reexamination Unit |
| By hand: | Customer Service Window<br>Knox Building<br>501 Dulany Street<br>Alexandria, VA 22314 |

For Patent Center transmissions, 37 CFR 1.8(a)(1)(i)(C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4) , and (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

Application/Control Number: 90/019,983                                                    Page 16
Art Unit: 3992

Any inquiry concerning this communication or earlier communications from the examiner should be directed to WILLIAM H WOOD whose telephone number is (571)272-3736. The examiner can normally be reached Monday-Friday 7am-3pm. If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Alexander Kosowski can be reached on (571)272-3744. For all general inquires the CRU main phone number is (571)272-7705.


/William H. Wood/

Reexamination Specialist, Art Unit 3992

Conferee:

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992