# EXHIBIT BB

Director_Discretionary_Decision@uspto.gov                    Paper 10
571-272-7822                                    Date: December 4, 2025

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE OFFICE OF THE UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE

FORD MOTOR COMPANY,
Petitioner,

v.

AUTOCONNECT HOLDINGS LLC,
Patent Owner.

IPR2025-01342 (Patent 9,020,697 B2)
IPR2025-01383 (Patent 9,290,153 B2)

Before JOHN A. SQUIRES, *Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office*.

DECISION
Denying Patent Owner's Requests for Discretionary Denial

IPR2025-01342 (Patent 9,020,697 B2)
IPR2025-01383 (Patent 9,290,153 B2)

AutoConnect Holdings LLC ("Patent Owner") filed a request for discretionary denial (Paper 7, "DD Req.") in the above-captioned cases, and Ford Motor Company ("Petitioner") filed an opposition (Paper 8, "DD Opp.").[1]

After considering the parties' arguments and the record, and in view of all relevant considerations, I found that discretionary denial of institution was not appropriate in these proceedings, noting that an opinion would be forthcoming. *See* Paper 9 ("Notice of Decisions on Institution"), 2. My determination was based on the totality of the evidence and arguments the parties presented, only a select portion of which I discuss herein.

Petitioner persuasively argues it had settled expectations that the challenged patents would not be asserted against it based upon several factors pertaining to its business relationship with the original owner of the challenged patents, Flextronics AP, LLC ("Flextronics"). Petitioner shows that Flextronics has been supplying Petitioner with infotainment systems for its vehicles since 2013, and that Flextronics later was granted patents, including the challenged patents, directed to those very infotainment systems. DD Opp. 4–5, 17 (citing Ex. 1110). In 2015, while Flextronics assigned the challenged patents to Patent Owner, it also continued to supply Petitioner commercially with its infotainment systems. *Id.* at 4–5 (citing Ex. 1111); Ex. 1110. Petitioner explains that it was unaware that Flextronics had assigned the challenged patents until years later, in December 2023, when Patent Owner contacted Petitioner. DD Opp. 18. Unsurprisingly, according to Petitioner, "Ford expects its suppliers to protect their patent

---

[1] Citations are to papers in IPR2025-01342. The parties filed similar papers in IPR2025-01383.

IPR2025-01342 (Patent 9,020,697 B2)
IPR2025-01383 (Patent 9,290,153 B2)

portfolios from being asserted against Ford, e.g., by retaining a license before selling an asset covering current products." *Id.* It is eminently reasonable for a customer to expect its supplier, especially one that previously owned patents, to provide it with products that have all necessary licenses. So much so that after a decade-long and continuous customer-supplier relationship, Petitioner had developed a well-settled expectation that it would not be accused of infringing the challenged patents.

Further, Patent Owner's own actions, or lack thereof, cut against any settled expectations that Patent Owner had developed as to at least one of the challenged patents. By failing to timely pay maintenance fees, Patent Owner itself allowed at least one of the challenged patents to lapse. DD Opp. 5–7. Although Patent Owner paid the first maintenance fee on time in 2019, it failed to timely pay the subsequent maintenance fee in 2023. *Id.* at 5. Indeed, at the time Patent Owner contacted Petitioner about its patent portfolio, one of the challenged patents had lapsed and was not enforceable. *Id.* It is hard to square Patent Owner's settled expectations argument as to that patent with this stubborn fact.

Undeterred, Patent Owner argues that it has settled expectations as to the other challenged patent because it has been in force for nine years. IPR2025-01383, DD Req. 14–15. However, for the reasons discussed above, I find here that Petitioner's settled expectations outweigh Patent Owner's settled expectations. Accordingly, under these circumstances, discretionary denial is not appropriate.

Finally, while certain arguments are highlighted above, my determination not to exercise discretion to deny institution is based on the complete record and a holistic assessment of all of the evidence in light of

IPR2025-01342 (Patent 9,020,697 B2)
IPR2025-01383 (Patent 9,290,153 B2)

the arguments presented.  Accordingly, the Petitions will be reviewed for merits and non-discretionary considerations.

In consideration of the foregoing, it is:

ORDERED that Patent Owner's requests for discretionary denial are *denied*; and

FURTHER ORDERED that neither party shall file a request for rehearing or Director Review of this decision until a Notice of Decisions on Institution including this case issues.

4

IPR2025-01342 (Patent 9,020,697 B2)
IPR2025-01383 (Patent 9,290,153 B2)

FOR PETITIONER:

Andrew Turner
John LeRoy
Christopher Smith
BROOKS KUSHMAN P.C.
aturner@brookskushman.com
jleroy@brookskushman.com
csmith@brookskushman.com
FPGP0147IPR@brookskushman.com

FOR PATENT OWNER:

Eric Zelepugas, Robert Conley
AVANTECH LAW, LLP
zelepugas@avantechlaw.com
conley@avantechlaw.com
autoconnect_post-grant@avantechlaw.com

5