**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| AUTOCONNECT HOLDINGS LLC, | Case No. 24-cv-01327-JCG |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| FORD MOTOR COMPANY, | **FILED UNDER SEAL** |
| Defendants. | |

**WOODFORD DECLARATION IN SUPPORT OF AUTOCONNECT'S
OPPOSITON TO FORD'S MOTION TO STAY**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

I, William Woodford, declare as follows:

1.  I am an partner with Avantech Law, LLP and am one of the attorneys for AutoConnect Holdings LLC and a member in good standing of the Bar of the State of Minnesota and the Commonwealth of Massachusetts. I have been admitted *Pro Hac Vice* in the District Court of Delaware. I have personal knowledge of the facts in this declaration and can testify competently to them.

2.  Attached as **<u>Exhibit A</u>** is a true and correct copy of a ███████████████ ████████████████████████████████████████.

3.  Attached as **<u>Exhibit B</u>** is a true and correct copy of an ██████████████ ███████████████████████████████████████████.

4.  Attached as **<u>Exhibit C</u>** is a true and correct copy of ██████████████ ████████████████████████████████████████.

5.  Attached as **<u>Exhibit D</u>** is a true and correct copy of a letter from ██████████ ████████████████████████████████████████████ ████████████████████.

6.  Attached as **<u>Exhibit E</u>** is a true and correct copy of a ████████████ █████████████████████████████████████████████ ████████.

7.  Attached as **<u>Exhibit F</u>** is a true and correct copy of a ████████████ █████████████████████████████████████████████ ████████████████████.

8.  Attached as **<u>Exhibit G</u>** is a true and correct copy of an █████████████ ████████████████████████████████.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

9. Attached as **Exhibit H** is a true and correct copy of ███████████████

████████████████████████.

10. Attached as **Exhibit I** is a true and correct copy of printout from the USPTO website showing recordation of assignment of asserted patents to AutoConnect in 2015.

11. Attached as **Exhibit J** is a true and correct copy of an email dated March 4, 2024 from counsel for Ford to me.

12. Attached as **Exhibit K** is a true and correct copy of Interrogatory responses Ford served in this matter in December 2025.

13. Attached as **Exhibit L** is a true and correct copy of a June ███████████

████████████████████████████████.

14. Attached as **Exhibit M** is a true and correct copy of a ███████████████

████████████████.

15. Attached as **Exhibit N** is a true and correct copy of a ███████████████

████████████████.

16. Attached as **Exhibit O** is a true and correct copy of a ███████████████

██████████████████████████████████.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 12, 2026.

/s/ William R. Woodford
William R. Woodford

Case 1:24-cv-01327-JCG    Document 60    Filed 03/19/26    Page 11 of 186 PageID #: 3786

# EXHIBIT B

# EXHIBIT C

# EXHIBIT D

# EXHIBIT E

# EXHIBIT F

– CONFIDENTIAL-ATTORNEYS' EYES ONLY –

THIS DOCUMENT IS CONFIDENTIAL.  IT IS NOT TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

# EXHIBIT G

# EXHIBIT H

# EXHIBIT I

**uspto** UNITED STATES
PATENT AND TRADEMARK OFFICE

# Patent Assignment Abstract of Title

Search results for Patent #: 9020697

Generated on Thu Mar 12 2026 11:27:45 GMT-0500 (Central Daylight Time)

| Invention title | Patent number | Application number | Publication number | PCT number |
|---|---|---|---|---|
| VEHICLE-BASED MULTIMODE DISCOVERY | 9020697 | 14253312 | 20140309870 | N/A |
| | | View in PPUBS | View in PPUBS | N/A |
| **Inventors** | **Issue date** | | | **International number** |
| Christopher Ricci P., Octavian Chincisan, Alisher Yusupov I. | Apr 28, 2015 | | | |
| | | **Filing date** | **Publication date** | N/A |
| | | Apr 15, 2014 | Oct 16, 2014 | |

## Assignment 1

**Reel/ Frame**
33226 /0643

**Pages**
8

**Conveyance**
ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**
View documents

**Recorded**
Jun 25, 2014

**Assignors & execution date**

RICCI, CHRISTOPHER P.

Jun 12, 2014

**Assignee**

FLEXTRONICS AP, LLC
6201 AMERICA CENTER DRIVE
SAN JOSE
CALIFORNIA, UNITED STATES
95002

**Correspondent**

SHERIDAN ROSS P.C.

1560 BROADWAY
SUITE 1200
DENVER, CO 80202

**Attorney docket number**

6583 (AUTO)

## Assignment 2

**Reel/ Frame**
33752 /0605

**Assignors & execution date**

YUSUPOV, ALISHER

**Correspondent**

SHERIDAN ROSS P.C.

**Pages**

6

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Sep 16, 2014

Aug 14, 2014

CHINCISAN, OCTAVIAN
Aug 14, 2014

**Assignee**

FLEXTRONICS AP, LLC
6201 AMERICA CENTER DRIVE
SAN JOSE
CALIFORNIA, UNITED STATES
95002

1560 BROADWAY
SUITE 1200
DENVER, CO 80202

**Attorney docket number**

6583 -585 , -586 , -616-PROV

## Assignment 3

**Reel/ Frame**

36503 /0062

**Pages**

25

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Aug 28, 2015

**Assignors & execution date**

FLEXTRONICS AP, LLC
May 20, 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC
21 WEDGWOOD ROAD
WELLESLEY
MASSACHUSETTS,
UNITED STATES
02481

**Correspondent**

SHERIDAN ROSS P.C.

1560 BROADWAY
SUITE 1200
DENVER, CO 80202

**Attorney docket number**

6583 -363  (AUTOCONNECT)

## Assignment 4

**Reel/ Frame**

68206 /0561

**Pages**

32

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC
May 20, 2019

**Assignee**

IP OPTIMUM LIMITED
THE BLACK CHURCH,
ST. MARY'S PLACE

**Correspondent**

ROBERT A. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

DUBLIN 7

IRELAND

D07 P4AX

**Recorded**

Jul 7, 2024

## Assignment 5

**Reel/ Frame**

68206 /0503

**Pages**

18

**Conveyance**

ASSIGNMENT OF ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 7, 2024

**Assignors & execution date**

IP OPTIMUM LIMITED

Mar 27, 2020

**Assignee**

AUTOCONNECT HOLDINGS LLC

75 HIGH ROAD

NEWBURY

MASSACHUSETTS, UNITED STATES

01951

**Correspondent**

ROBERT A. CONLEY

80 S. 8TH ST., SUITE 900

MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

**USPTO**
UNITED STATES
PATENT AND TRADEMARK OFFICE

# Patent Assignment Abstract of Title

Search results for Patent #: 9082239

Generated on Thu Mar 12 2026 11:28:14 GMT-0500 (Central Daylight Time)

| Invention title | Patent number | Application number | Publication number | PCT number |
|---|---|---|---|---|
| INTELLIGENT VEHICLE FOR ASSISTING VEHICLE OCCUPANTS | 9082239 | 14253506 | 20140309806 | N/A |
| | | View in PPUBS | View in PPUBS | N/A |
| **Inventors** | **Issue date** | | | **International number** |
| Christopher Ricci P. | Jul 14, 2015 | **Filing date** | **Publication date** | N/A |
| | | Apr 15, 2014 | Oct 16, 2014 | |

## Assignment 1

| Reel/ Frame | Assignors & execution date | Correspondent |
|---|---|---|
| 33226 /0643 | RICCI, CHRISTOPHER P. | SHERIDAN ROSS P.C. |
| **Pages** | Jun 12, 2014 | 1560 BROADWAY |
| 8 | **Assignee** | SUITE 1200 |
| **Conveyance** | FLEXTRONICS AP, LLC | DENVER, CO 80202 |
| ASSIGNMENT OF ASSIGNOR'S INTEREST | 6201 AMERICA CENTER DRIVE SAN JOSE CALIFORNIA, UNITED STATES 95002 | **Attorney docket number** 6583 (AUTO) |
| **Documents** | | |
| View documents | | |
| **Recorded** | | |
| Jun 25, 2014 | | |

## Assignment 2

| Reel/ Frame | Assignors & execution date | Correspondent |
|---|---|---|
| 36503 /0062 | FLEXTRONICS AP, LLC | SHERIDAN ROSS P.C. |

**Pages**

25

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Aug 28, 2015

May 20, 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC

21 WEDGWOODROAD

WELLESLEY

MASSACHUSETTS,
UNITED STATES

02481

1560 BROADWAY

SUITE 1200

DENVER, CO 80202

**Attorney docket number**

6583 -363 (AUTOCONNECT)

## Assignment 3

**Reel/ Frame**

68206 /0561

**Pages**

32

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 7, 2024

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC

May 20, 2019

**Assignee**

IP OPTIMUM LIMITED

THE BLACK CHURCH,
ST. MARY'S PLACE

DUBLIN 7

IRELAND

D07 P4AX

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900

MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

## Assignment 4

**Reel/ Frame**

68206 /0503

**Pages**

18

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

**Assignors & execution date**

IP OPTIMUM LIMITED

Mar 27, 2020

**Assignee**

AUTOCONNECT
HOLDINGS LLC

75 HIGH ROAD

NEWBURY

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900

MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

View documents
MASSACHUSETTS,
UNITED STATES

**Recorded**                01951

Jul 7, 2024

**uspto** UNITED STATES
PATENT AND TRADEMARK OFFICE

# Patent Assignment Abstract of Title

Search results for Patent #: 9098367

Generated on Thu Mar 12 2026 11:28:47 GMT-0500 (Central Daylight Time)

| Invention title | Patent number | Application number | Publication number | PCT number |
|---|---|---|---|---|
| SELF-CONFIGURING VEHICLE CONSOLE APPLICATION STORE | 9098367 | 13963728 <br> View in PPUBS | 20140109080 <br> View in PPUBS | N/A <br> N/A |
| **Inventors** | **Issue date** | | | **International number** |
| Christopher Ricci P. | Aug 4, 2015 | **Filing date** <br> Aug 9, 2013 | **Publication date** <br> Apr 17, 2014 | N/A |

## Assignment 1

| Reel/Frame | Assignors & execution date | Correspondent |
|---|---|---|
| 30981/0376 | RICCI, CHRISTOPHER P. | SHERIDAN ROSS P.C. |
| **Pages** <br> 2 | Aug 1, 2013 | 1560 BROADWAY <br> SUITE 1200 |
| **Conveyance** <br> ASSIGNMENT OF ASSIGNOR'S INTEREST | **Assignee** <br> FLEXTRONICS AP, LLC <br> 6201 AMERICA CENTER DRIVE <br> SAN JOSE | DENVER, CO 80202 <br><br> **Attorney docket number** <br> 6583-525 DWS |
| **Documents** <br> View documents | CALIFORNIA, UNITED STATES <br> 95134 | |
| **Recorded** <br> Aug 9, 2013 | | |

## Assignment 2

| Reel/Frame | Assignors & execution date | Correspondent |
|---|---|---|
| 36503/0062 | FLEXTRONICS AP, LLC | SHERIDAN ROSS P.C. |

**Pages**

25

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Aug 28, 2015

May 20, 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC
21 WEDGWOODROAD
WELLESLEY
MASSACHUSETTS,
UNITED STATES
02481

1560 BROADWAY
SUITE 1200
DENVER, CO 80202

**Attorney docket number**

6583 -363 (AUTOCONNECT)

## Assignment 3

**Reel/ Frame**

68206 /0561

**Pages**

32

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 7, 2024

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC
May 20, 2019

**Assignee**

IP OPTIMUM LIMITED
THE BLACK CHURCH,
ST. MARY'S PLACE
DUBLIN 7
IRELAND
D07 P4AX

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

## Assignment 4

**Reel/ Frame**

68206 /0503

**Pages**

18

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

**Assignors & execution date**

IP OPTIMUM LIMITED
Mar 27, 2020

**Assignee**

AUTOCONNECT
HOLDINGS LLC
75 HIGH ROAD
NEWBURY

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

View documents

MASSACHUSETTS,
UNITED STATES

**Recorded**

01951

Jul 7, 2024

**UNITED STATES PATENT AND TRADEMARK OFFICE**

# Patent Assignment Abstract of Title

Search results for Patent #: 9116786

Generated on Thu Mar 12 2026 11:29:12 GMT-0500 (Central Daylight Time)

| Invention title | Patent number | Application number | Publication number | PCT number |
|---|---|---|---|---|
| ON BOARD VEHICLE NETWORKING MODULE | 9116786 | 13828513 | 20130204466 | N/A |
| | | View in PPUBS | View in PPUBS | N/A |
| **Inventors** | **Issue date** | | | **International number** |
| Christopher Ricci P. | Aug 25, 2015 | **Filing date** | **Publication date** | N/A |
| | | Mar 14, 2013 | Aug 8, 2013 | |

## Assignment 1

**Reel/ Frame**
30029 /0853

**Pages**
4

**Conveyance**
ASSIGNMENT OF ASSIGNOR'S INTEREST

**Documents**
View documents

**Recorded**
Mar 18, 2013

**Assignors & execution date**

RICCI, CHRISTOPHER P.

Mar 13, 2013

**Assignee**

FLEXTRONICS AP, LLC
847 GIBRALTAR DRIVE
BUILDING 5
MILPITAS
CALIFORNIA, UNITED STATES
95035

**Correspondent**

DOUGLAS W. SWARTZ/SHERIDAN ROSS P.C.

1560 BROADWAY
SUITE 1200
DENVER, CO 80202

**Attorney docket number**
6583 -247 -CIP DWS

## Assignment 2

**Reel/ Frame**
30357 /0356

**Assignors & execution date**

RICCI, CHRISTOPHER P.

**Correspondent**

DOUGLAS W. SWARTZ/SHERIDAN ROSS P.C.

**Pages**
3

**Conveyance**
ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**
View documents

**Recorded**
May 6, 2013

Mar 13, 2013

**Assignee**

FLEXTRONICS AP, LLC
847 GIBRALTAR DRIVE
BUILDING 5
MILPITAS
CALIFORNIA, UNITED STATES
95035

1560 BROADWAY
SUITE 1200
DENVER, CO 80202

**Attorney docket number**
6583 -247 -CIP DWS

## Assignment 3

**Reel/ Frame**
36503 /0062

**Pages**
25

**Conveyance**
ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**
View documents

**Recorded**
Aug 28, 2015

**Assignors & execution date**

FLEXTRONICS AP, LLC
May 20, 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC
21 WEDGWOOD ROAD
WELLESLEY
MASSACHUSETTS,
UNITED STATES
02481

**Correspondent**

SHERIDAN ROSS P.C.

1560 BROADWAY
SUITE 1200
DENVER, CO 80202

**Attorney docket number**
6583 -363 (AUTOCONNECT)

## Assignment 4

**Reel/ Frame**
68206 /0561

**Pages**
32

**Conveyance**
ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC
May 20, 2019

**Assignee**

IP OPTIMUM LIMITED
THE BLACK CHURCH,
ST. MARY'S PLACE

**Correspondent**

ROBERT A. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**
N/A

View documents

DUBLIN 7

IRELAND

D07 P4AX

**Recorded**

Jul 7, 2024

## Assignment 5

**Reel/ Frame**

68206 /0503

**Pages**

18

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 7, 2024

**Assignors & execution date**

IP OPTIMUM LIMITED

Mar 27, 2020

**Assignee**

AUTOCONNECT
HOLDINGS LLC
75 HIGH ROAD
NEWBURY
MASSACHUSETTS,
UNITED STATES
01951

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900

MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

**uspto** | UNITED STATES
PATENT AND TRADEMARK OFFICE

# Patent Assignment Abstract of Title

Search results for Patent #: 9123186

Generated on Thu Mar 12 2026 11:29:34 GMT-0500 (Central Daylight Time)

| Invention title | Patent number | Application number | Publication number | PCT number |
|---|---|---|---|---|
| REMOTE CONTROL OF ASSOCIATED VEHICLE DEVICES | 9123186 | 14253371 | 20140309891 | N/A |
| | | View in PPUBS | View in PPUBS | N/A |
| **Inventors** | **Issue date** | | | **International number** |
| Christopher Ricci P. | Sep 1, 2015 | **Filing date** Apr 15, 2014 | **Publication date** Oct 16, 2014 | N/A |

---

## Assignment 1

**Reel/ Frame**
33226 /0643

**Pages**
8

**Conveyance**
ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**
View documents

**Recorded**
Jun 25, 2014

**Assignors & execution date**

RICCI, CHRISTOPHER P.

Jun 12, 2014

**Assignee**

FLEXTRONICS AP, LLC
6201 AMERICA CENTER DRIVE
SAN JOSE
CALIFORNIA, UNITED STATES
95002

**Correspondent**

SHERIDAN ROSS P.C.

1560 BROADWAY
SUITE 1200
DENVER, CO 80202

**Attorney docket number**

6583 (AUTO)

---

## Assignment 2

**Reel/ Frame**
36503 /0062

**Assignors & execution date**

FLEXTRONICS AP, LLC

**Correspondent**

SHERIDAN ROSS P.C.

**Pages**

25

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Aug 28 , 2015

May 20 , 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC
21 WEDGWOODROAD
WELLESLEY
MASSACHUSETTS,
UNITED STATES
02481

1560 BROADWAY

SUITE 1200

DENVER, CO 80202

**Attorney docket number**

6583 -363 (AUTOCONNECT)

## Assignment 3

**Reel/ Frame**

68206 /0561

**Pages**

32

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 7, 2024

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC
May 20 , 2019

**Assignee**

IP OPTIMUM LIMITED
THE BLACK CHURCH,
ST. MARY'S PLACE
DUBLIN 7
IRELAND
D07 P4AX

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

## Assignment 4

**Reel/ Frame**

68206 /0503

**Pages**

18

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

**Assignors & execution date**

IP OPTIMUM LIMITED
Mar 27 , 2020

**Assignee**

AUTOCONNECT
HOLDINGS LLC
75 HIGH ROAD
NEWBURY

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

View documents

MASSACHUSETTS,
UNITED STATES

**Recorded**

01951

Jul 7, 2024

**uspto** | UNITED STATES
PATENT AND TRADEMARK OFFICE

# Patent Assignment Abstract of Title

Search results for Patent #: 9140560

Generated on Thu Mar 12 2026 11:29:58 GMT-0500 (Central Daylight Time)

| Invention title | Patent number | Application number | Publication number | PCT number |
|---|---|---|---|---|
| IN-CLOUD CONNECTION FOR CAR MULTIMEDIA | 9140560 | 13679878 | 20130138714 | N/A |
| | | View in PPUBS | View in PPUBS | N/A |
| **Inventors** | **Issue date** | | | **International number** |
| Christopher Ricci P. | Sep 22, 2015 | **Filing date** | **Publication date** | N/A |
| | | Nov 16, 2012 | May 30, 2013 | |

## Assignment 1

| **Reel/ Frame** | **Assignors & execution date** | **Correspondent** |
|---|---|---|
| 30063 /0556 | RICCI, CHRISTOPHER P. | SHERIDAN ROSS P.C. |
| **Pages** | Feb 5, 2013 | 1560 BROADWAY |
| 4 | **Assignee** | SUITE 1200 |
| **Conveyance** | FLEXTRONICS AP, LLC | DENVER, CO 80202 |
| ASSIGNMENT OF ASSIGNOR'S INTEREST | 847 GIBRALTAR DRIVE | **Attorney docket number** |
| | BUILDING 5 | 6583 (VARIOUS) |
| **Documents** | MILPITAS | |
| View documents | CALIFORNIA, UNITED STATES 95035 | |
| **Recorded** | | |
| Mar 21, 2013 | | |

## Assignment 2

| **Reel/ Frame** | **Assignors & execution date** | **Correspondent** |
|---|---|---|
| 36503 /0062 | FLEXTRONICS AP, LLC | SHERIDAN ROSS P.C. |

**Pages**

25

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Aug 28, 2015

May 20, 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC
21 WEDGWOODROAD
WELLESLEY
MASSACHUSETTS,
UNITED STATES
02481

1560 BROADWAY

SUITE 1200

DENVER, CO 80202

**Attorney docket number**

6583 -363 (AUTOCONNECT)

## Assignment 3

**Reel/ Frame**

68206 /0561

**Pages**

32

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 7, 2024

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC
May 20, 2019

**Assignee**

IP OPTIMUM LIMITED
THE BLACK CHURCH,
ST. MARY'S PLACE
DUBLIN 7
IRELAND
D07 P4AX

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

## Assignment 4

**Reel/ Frame**

68206 /0503

**Pages**

18

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

**Assignors & execution date**

IP OPTIMUM LIMITED
Mar 27, 2020

**Assignee**

AUTOCONNECT
HOLDINGS LLC
75 HIGH ROAD
NEWBURY

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

View documents MASSACHUSETTS, UNITED STATES

01951

**Recorded**

Jul 7, 2024

**uspto** UNITED STATES
PATENT AND TRADEMARK OFFICE

# Patent Assignment Abstract of Title

Search results for Patent #: 9147296

Generated on Thu Mar 12 2026 11:30:22 GMT-0500 (Central Daylight Time)

---

| Invention title | Patent number | Application number | Publication number | PCT number |
|---|---|---|---|---|
| CUSTOMIZATION OF VEHICLE CONTROLS AND SETTINGS BASED ON USER PROFILE DATA | 9147296 | 14253204 | 20140309892 | N/A |
| | **Issue date** | View in PPUBS | View in PPUBS | N/A |
| **Inventors** | Sep 29, 2015 | | | **International number** |
| Christopher Ricci P. | | **Filing date** | **Publication date** | N/A |
| | | Apr 15, 2014 | Oct 16, 2014 | |

---

## Assignment 1

| Reel/ Frame | Assignors & execution date | Correspondent |
|---|---|---|
| 33226 /0643 | RICCI, CHRISTOPHER P. | SHERIDAN ROSS P.C. |
| **Pages** | Jun 12, 2014 | 1560 BROADWAY |
| 8 | | SUITE 1200 |
| | **Assignee** | DENVER, CO 80202 |
| **Conveyance** | FLEXTRONICS AP, LLC | |
| ASSIGNMENT OF ASSIGNOR'S INTEREST | 6201 AMERICA CENTER DRIVE | **Attorney docket number** |
| | SAN JOSE | 6583 (AUTO) |
| **Documents** | CALIFORNIA, UNITED STATES | |
| View documents | 95002 | |
| **Recorded** | | |
| Jun 25, 2014 | | |

---

## Assignment 2

| Reel/ Frame | Assignors & execution date | Correspondent |
|---|---|---|
| 36503 /0062 | FLEXTRONICS AP, LLC | SHERIDAN ROSS P.C. |

**Pages**

25

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Aug 28, 2015

May 20, 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC
21 WEDGWOODROAD
WELLESLEY
MASSACHUSETTS,
UNITED STATES
02481

1560 BROADWAY

SUITE 1200

DENVER, CO 80202

**Attorney docket number**

6583 -363 (AUTOCONNECT)

## Assignment 3

**Reel/ Frame**

68206 /0561

**Pages**

32

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 7, 2024

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC
May 20, 2019

**Assignee**

IP OPTIMUM LIMITED
THE BLACK CHURCH,
ST. MARY'S PLACE
DUBLIN 7
IRELAND
D07 P4AX

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

## Assignment 4

**Reel/ Frame**

68206 /0503

**Pages**

18

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

**Assignors & execution date**

IP OPTIMUM LIMITED
Mar 27, 2020

**Assignee**

AUTOCONNECT
HOLDINGS LLC
75 HIGH ROAD
NEWBURY

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

View documents

MASSACHUSETTS, UNITED STATES

**Recorded**

01951

Jul 7, 2024

**USPTO**

**UNITED STATES PATENT AND TRADEMARK OFFICE**

# Patent Assignment Abstract of Title

Search results for Patent #: 9147297

Generated on Thu Mar 12 2026 11:30:45 GMT-0500 (Central Daylight Time)

| Invention title | Patent number | Application number | Publication number | PCT number |
|---|---|---|---|---|
| INFOTAINMENT SYSTEM BASED ON USER PROFILE | 9147297 | 14253251 | 20140309869 | N/A |
| | | View in PPUBS | View in PPUBS | N/A |
| **Inventors** | **Issue date** | | | **International number** |
| Christopher Ricci P. | Sep 29, 2015 | | | |
| | | **Filing date** | **Publication date** | N/A |
| | | Apr 15, 2014 | Oct 16, 2014 | |

## Assignment 1

**Reel/ Frame**
33226 /0643

**Pages**
8

**Conveyance**
ASSIGNMENT OF ASSIGNOR'S INTEREST

**Documents**
View documents

**Recorded**
Jun 25, 2014

**Assignors & execution date**

RICCI, CHRISTOPHER P.

Jun 12, 2014

**Assignee**

FLEXTRONICS AP, LLC
6201 AMERICA CENTER DRIVE
SAN JOSE
CALIFORNIA, UNITED STATES
95002

**Correspondent**

SHERIDAN ROSS P.C.

1560 BROADWAY
SUITE 1200
DENVER, CO 80202

**Attorney docket number**

6583 (AUTO)

## Assignment 2

**Reel/ Frame**
36503 /0062

**Assignors & execution date**

FLEXTRONICS AP, LLC

**Correspondent**

SHERIDAN ROSS P.C.

**Pages**

25

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Aug 28, 2015

May 20, 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC
21 WEDGWOODROAD
WELLESLEY
MASSACHUSETTS,
UNITED STATES
02481

1560 BROADWAY

SUITE 1200

DENVER, CO 80202

**Attorney docket number**

6583 -363 (AUTOCONNECT)

## Assignment 3

**Reel/ Frame**

68206 /0561

**Pages**

32

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 7, 2024

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC
May 20, 2019

**Assignee**

IP OPTIMUM LIMITED
THE BLACK CHURCH,
ST. MARY'S PLACE
DUBLIN 7
IRELAND
D07 P4AX

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

## Assignment 4

**Reel/ Frame**

68206 /0503

**Pages**

18

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

**Assignors & execution date**

IP OPTIMUM LIMITED
Mar 27, 2020

**Assignee**

AUTOCONNECT
HOLDINGS LLC
75 HIGH ROAD
NEWBURY

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

View documents

MASSACHUSETTS,
UNITED STATES

**Recorded**

01951

Jul 7, 2024

**uspto** UNITED STATES
PATENT AND TRADEMARK OFFICE

# Patent Assignment Abstract of Title

Search results for Patent #: 9173100

Generated on Thu Mar 12 2026 11:31:11 GMT-0500 (Central Daylight Time)

| **Invention title** | **Patent number** | **Application number** | **Publication number** | **PCT number** |
|---|---|---|---|---|
| ON BOARD VEHICLE NETWORK SECURITY | 9173100 | 13828960 | 20130227648 | N/A |
| | | View in PPUBS | View in PPUBS | N/A |
| **Inventors** | **Issue date** | | | **International number** |
| Christopher Ricci P. | Oct 27, 2015 | **Filing date** | **Publication date** | N/A |
| | | Mar 14, 2013 | Aug 29, 2013 | |

## Assignment 1

| **Reel/ Frame** | **Assignors & execution date** | **Correspondent** |
|---|---|---|
| 30029 /0853 | RICCI, CHRISTOPHER P. | DOUGLAS W. SWARTZ/SHERIDAN ROSS P.C. |
| **Pages** | Mar 13, 2013 | |
| 4 | | 1560 BROADWAY |
| | **Assignee** | SUITE 1200 |
| **Conveyance** | | DENVER, CO 80202 |
| ASSIGNMENT OF ASSIGNOR'S INTEREST | FLEXTRONICS AP, LLC | |
| | 847 GIBRALTAR DRIVE | **Attorney docket number** |
| | BUILDING 5 | 6583 -247 -CIP DWS |
| **Documents** | MILPITAS | |
| View documents | CALIFORNIA, UNITED STATES | |
| | 95035 | |
| **Recorded** | | |
| Mar 18, 2013 | | |

## Assignment 2

| **Reel/ Frame** | **Assignors & execution date** | **Correspondent** |
|---|---|---|
| 36503 /0062 | FLEXTRONICS AP, LLC | SHERIDAN ROSS P.C. |

**Pages**

25

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Aug 28, 2015

May 20, 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC
21 WEDGWOODROAD
WELLESLEY
MASSACHUSETTS,
UNITED STATES
02481

1560 BROADWAY

SUITE 1200

DENVER, CO 80202

**Attorney docket number**

6583 -363 (AUTOCONNECT)

## Assignment 3

**Reel/ Frame**

68206 /0561

**Pages**

32

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 7, 2024

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC
May 20, 2019

**Assignee**

IP OPTIMUM LIMITED
THE BLACK CHURCH,
ST. MARY'S PLACE
DUBLIN 7
IRELAND
D07 P4AX

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

## Assignment 4

**Reel/ Frame**

68206 /0503

**Pages**

18

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

**Assignors & execution date**

IP OPTIMUM LIMITED
Mar 27, 2020

**Assignee**

AUTOCONNECT
HOLDINGS LLC
75 HIGH ROAD
NEWBURY

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

View documents

MASSACHUSETTS,
UNITED STATES

**Recorded**                01951

Jul 7, 2024



UNITED STATES
PATENT AND TRADEMARK OFFICE

# Patent Assignment Abstract of Title

Search results for Patent #: 9290153

Generated on Thu Mar 12 2026 11:31:32 GMT-0500 (Central Daylight Time)

| | | | | |
|---|---|---|---|---|
| **Invention title** | **Patent number** | **Application number** | **Publication number** | **PCT number** |
| VEHICLE-BASED MULTIMODE DISCOVERY | 9290153 | 14684856 | 20150232065 | N/A |
| | | View in PPUBS | View in PPUBS | N/A |
| **Inventors** | **Issue date** | | | **International number** |
| Christopher Ricci P., Octavian Chincisan, Alisher Yusupov I. | Mar 22, 2016 | **Filing date** Apr 13, 2015 | **Publication date** Aug 20, 2015 | N/A |

## Assignment 1

| | | |
|---|---|---|
| **Reel/ Frame** 35395 /0171 | **Assignors & execution date** RICCI, CHRISTOPHER P. Jun 12, 2014 | **Correspondent** SHERIDAN ROSS P.C. 1560 BROADWAY |
| **Pages** 11 | YUSUPOV, ALISHER I. Aug 16, 2014 | SUITE 1200 DENVER, CO 80202 |
| **Conveyance** ASSIGNMENT OF ASSIGNOR'S INTEREST | CHINCISAN, OCTAVIAN Aug 14, 2014 | **Attorney docket number** 6583 -585 -CON DWS |
| **Documents** View documents | **Assignee** | |
| **Recorded** Apr 13, 2015 | FLEXTRONICS AP, LLC 6201 AMERICA CENTER DRIVE SAN JOSE CALIFORNIA, UNITED STATES 95002 | |

## Assignment 2

**Reel/ Frame**

36503 /0062

**Pages**

25

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Aug 28, 2015

**Assignors & execution date**

FLEXTRONICS AP, LLC

May 20, 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC

21 WEDGWOOD ROAD

WELLESLEY

MASSACHUSETTS,
UNITED STATES

02481

**Correspondent**

SHERIDAN ROSS P.C.

1560 BROADWAY

SUITE 1200

DENVER, CO 80202

**Attorney docket number**

6583 -363 (AUTOCONNECT)

## Assignment 3

**Reel/ Frame**

68206 /0561

**Pages**

32

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 7, 2024

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC

May 20, 2019

**Assignee**

IP OPTIMUM LIMITED

THE BLACK CHURCH,
ST. MARY'S PLACE

DUBLIN 7

IRELAND

D07 P4AX

**Correspondent**

ROBERT A. CONLEY

80 S. 8TH ST., SUITE 900

MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

## Assignment 4

**Reel/ Frame**

68206 /0503

**Pages**

18

**Conveyance**

ASSIGNMENT OF

**Assignors & execution date**

IP OPTIMUM LIMITED

Mar 27, 2020

**Assignee**

AUTOCONNECT

**Correspondent**

ROBERT A. CONLEY

80 S. 8TH ST., SUITE 900

MINNEAPOLIS, MN 55402

**Attorney docket number**

Page 2 of 3

ASSIGNOR'S INTEREST

HOLDINGS LLC
75 HIGH ROAD

NEWBURY

MASSACHUSETTS,
UNITED STATES

01951

N/A

**Documents**

View documents

**Recorded**

Jul 7, 2024

**uspto** UNITED STATES
PATENT AND TRADEMARK OFFICE

# Patent Assignment Abstract of Title

Search results for Patent #: 10862764

Generated on Thu Mar 12 2026 11:24:39 GMT-0500 (Central Daylight Time)

| **Invention title** | **Patent number** | **Application number** | **Publication number** | **PCT number** |
|---|---|---|---|---|
| UNIVERSAL CONSOLE CHASSIS FOR THE CAR | 10862764 | 16243051 | 20190386887 | N/A |
| | | View in PPUBS | View in PPUBS | N/A |
| **Inventors** | **Issue date** | | | **International number** |
| Christopher Ricci P. | Dec 8, 2020 | **Filing date** | **Publication date** | N/A |
| | | Jan 8, 2019 | Dec 19, 2019 | |

## Assignment 1

| | | |
|---|---|---|
| **Reel/ Frame** | **Assignors & execution date** | **Correspondent** |
| 67754 /0240 | RICCI, CHRISTOPHER P. | ROBERT A. CONLEY |
| **Pages** | Feb 5, 2013 | 80 S. 8TH ST., SUITE 900 |
| 3 | | MINNEAPOLIS, MN 55402 |
| | **Assignee** | |
| **Conveyance** | FLEXTRONICS AP, LLC | **Attorney docket number** |
| ASSIGNMENT OF ASSIGNOR'S INTEREST | 847 GIBRALTAR DRIVE, BUILDING 5 | 51263-90281 |
| | MILPITAS | |
| **Documents** | CALIFORNIA, UNITED STATES | |
| View documents | 95035 | |
| **Recorded** | | |
| Jun 18, 2024 | | |

## Assignment 2

| | | |
|---|---|---|
| **Reel/ Frame** | **Assignors & execution date** | **Correspondent** |
| 67754 /0402 | FLEXTRONICS AP, LLC | ROBERT A. CONLEY |

**Pages**

21

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jun 18, 2024

May 20, 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC
21 WEDGEWOODROAD
WELLESLEY
MASSACHUSETTS,
UNITED STATES
02481

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

51263-90281

## Assignment 3

**Reel/ Frame**

50643 /0702

**Pages**

27

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Oct 7, 2019

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC

May 20, 2019

**Assignee**

IP OPTIMUM LIMITED
THE BLACK CHURCH,
ST. MARY'S PLACE
DUBLIN 7
IRELAND
D07 P4AX

**Correspondent**

DARRIN A. AUITO

1765 GREENSBORO
STATION PLACE
9TH FLOOR
MCLEAN, VA 22102

**Attorney docket number**

IPO-0061

## Assignment 4

**Reel/ Frame**

67754 /0523

**Pages**

12

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

**Assignors & execution date**

IP OPTIMUM LIMITED

Mar 27, 2020

**Assignee**

AUTOCONNECT
HOLDINGS LLC
75 HIGH ROAD
NEWBURY

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

51263-90281

View documents

MASSACHUSETTS, UNITED STATES

**Recorded**

01951

Jun 18, 2024

**uspto** UNITED STATES
PATENT AND TRADEMARK OFFICE

# Patent Assignment Abstract of Title

Search results for Patent #: 11163931

Generated on Thu Mar 12 2026 11:26:47 GMT-0500 (Central Daylight Time)

| **Invention title** | **Patent number** | **Application number** | **Publication number** | **PCT number** |
|---|---|---|---|---|
| ACCESS AND PORTABILITY OF USER PROFILES STORED AS TEMPLATES | 11163931 | 17233412 | 20210256191 | N/A |
| | **Issue date** | View in PPUBS | View in PPUBS | N/A |
| **Inventors** | Nov 2, 2021 | | | **International number** |
| Christopher Ricci P. | | **Filing date** | **Publication date** | N/A |
| | | Apr 16, 2021 | Aug 19, 2021 | |

## Assignment 1

**Reel/ Frame**
56819/0909

**Pages**
7

**Conveyance**
ASSIGNMENT OF ASSIGNOR'S INTEREST

**Documents**
View documents

**Recorded**
Jul 12, 2021

**Assignors & execution date**

RICCI, CHRISTOPHER P.

Jun 12, 2014

**Assignee**

FLEXTRONICS AP, LLC
6201 AMERICA CENTER DRIVE
SAN JOSE
CALIFORNIA, UNITED STATES
95002

**Correspondent**

SANGKI PARK

P.O. BOX 1022
P.O. BOX 1022
MINNEAPOLIS, MN 55402 -1022

**Attorney docket number**

53065

## Assignment 2

**Reel/ Frame**
56825 /0716

**Assignors & execution date**

FLEXTRONICS AP, LLC

**Correspondent**

SANGKI PARK

**Pages**

21

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 12, 2021

May 20, 2015

**Assignee**

AUTOCONNECT
HOLDINGS LLC
21 WEDGWOODROAD
WELLESLEY
MASSACHUSETTS,
UNITED STATES
02481

P.O. BOX 1022

P.O.BOX 1022

MINNEAPOLIS, MN 55402 -1022

**Attorney docket number**

50365

## Assignment 3

**Reel/ Frame**

68206 /0561

**Pages**

32

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

View documents

**Recorded**

Jul 7, 2024

**Assignors & execution date**

AUTOCONNECT
HOLDINGS, LLC
May 20, 2019

**Assignee**

IP OPTIMUM LIMITED
THE BLACK CHURCH,
ST. MARY'S PLACE
DUBLIN 7
IRELAND
D07 P4AX

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

## Assignment 4

**Reel/ Frame**

68206 /0503

**Pages**

18

**Conveyance**

ASSIGNMENT OF
ASSIGNOR'S INTEREST

**Documents**

**Assignors & execution date**

IP OPTIMUM LIMITED
Mar 27, 2020

**Assignee**

AUTOCONNECT
HOLDINGS LLC
75 HIGH ROAD
NEWBURY

**Correspondent**

ROBERTA. CONLEY

80 S. 8TH ST., SUITE 900
MINNEAPOLIS, MN 55402

**Attorney docket number**

N/A

View documents

MASSACHUSETTS, UNITED STATES

01951

**Recorded**

Jul 7, 2024

# EXHIBIT J

| | |
|---|---|
| From: | Yebernetsky, Thomas (T.) <tyeberne@ford.com> |
| To: | William Woodford <woodford@avantechlaw.com> |
| CC: | Dishman, Todd (T.) <TDISHMAN@ford.com>;Sallee Counce <counce@avantechlaw.com> |
| BCC: | |
| Subject: | RE: Re: AutoConnect Patent Portfolio |
| Sent: | 3/4/2024 4:31:36 PM |
| Attachments: | image001.png |

Hi William,

Since receiving the electronic version of your letter on February 2nd, we have been diligently reviewing the patents and claim charts included therein. Ford respects the intellectual property rights of others and would like to set up a time to discuss once we have completed our review. However, due to the number of patents and different technologies referenced in your letter, we will need more time to complete our review.  We hope to complete our review in the next 60-days, at which time we will reach out to you to set up a call.

Best regards,
Tom

**TOM YEBERNETSKY**
Intellectual Property Counsel, Ford Global Technologies

M: (814) 883-0234

One American Road
Dearborn, MI 48126 USA



---

**From:** William Woodford <woodford@avantechlaw.com>
**Sent:** Monday, March 4, 2024 9:09 AM
**To:** Yebernetsky, Thomas (T.) <tyeberne@ford.com>
**Cc:** Dishman, Todd (T.) <TDISHMAN@ford.com>; Sallee Counce <counce@avantechlaw.com>
**Subject:** Re: Re: AutoConnect Patent Portfolio

Mr. Yebernetsky,

It has been a couple months since we sent our initial letter regarding the AutoConnect patent portfolio.  Are you available for a call to discuss the matter?  If so, please suggest some times that work for you over the next couple weeks.

Best Regards,
William

---

**From:** Yebernetsky, Thomas (T.) <tyeberne@ford.com>
**Sent:** Friday, February 2, 2024 3:36 PM
**To:** William Woodford <woodford@avantechlaw.com>
**Cc:** Dishman, Todd (T.) <TDISHMAN@ford.com>; Sallee Counce <counce@avantechlaw.com>
**Subject:** RE: Re: AutoConnect Patent Portfolio

Neither me nor my colleague got your original email with the link.  But we were able to access it and download the documents.  Thank you!

We will review them and respond in due course.

**TOM YEBERNETSKY**
Intellectual Property Counsel, Ford Global Technologies

M: (814) 883-0234

One American Road
Dearborn, MI 48126 USA



---

**From:** William Woodford <woodford@avantechlaw.com>
**Sent:** Friday, February 2, 2024 4:32 PM
**To:** Yebernetsky, Thomas (T.) <tyeberne@ford.com>
**Cc:** Dishman, Todd (T.) <TDISHMAN@ford.com>; Sallee Counce <counce@avantechlaw.com>
**Subject:** RE: Re: AutoConnect Patent Portfolio

WARNING: This message originated outside of Ford Motor Company. Use caution when opening attachments, clicking links, or responding.

Dear Mr. Yebernetsky,

I sent a link with this information on January 19.  Please see the attached email.  Let me know if you have any trouble with the documents.

Best,
William

---

**From:** Yebernetsky, Thomas (T.) <tyeberne@ford.com>
**Sent:** Friday, February 2, 2024 3:25 PM
**To:** William Woodford <woodford@avantechlaw.com>
**Cc:** Dishman, Todd (T.) <TDISHMAN@ford.com>
**Subject:** RE: Re: AutoConnect Patent Portfolio

Dear Mr. Woodford,

Ford respects the intellectual property rights of other.  However, we can begin to assess any claims made in your letter until you provide us with an electronic copy, which is a request we made **3 weeks ago**.

We look forward to your reply.

Best regards,
Tom

**TOM YEBERNETSKY**
Intellectual Property Counsel, Ford Global Technologies

M: (814) 883-0234

One American Road
Dearborn, MI 48126 USA



---

**From:** Yebernetsky, Thomas (T.)
**Sent:** Friday, January 12, 2024 2:22 PM
**To:** woodford@avantechlaw.com
**Cc:** Dishman, Todd (T.) <TDISHMAN@ford.com>
**Subject:** Re: AutoConnect Patent Portfolio

Dear Mr. Woodford,

Your letter to Ford Motor Company titled "Re: AutoConnect Patent Portfolio" and dated December 28, 2023, has been brought to the attention of my office for a response.  In the future, please direct all communications regarding this matter to my attention (tyeberne@ford.com).  Please also include my colleague Todd Dishman (tdishman@ford.com) in any future correspondence.

Your letter and the accompanying materials were received at our headquarters in paper format only. Please provide us with an electronic copy so that we can begin to assess any claims made therein. We look forward to your reply.

Best regards,
Tom

**TOM YEBERNETSKY**
Intellectual Property Counsel, Ford Global Technologies

M: (814) 883-0234

One American Road
Dearborn, MI 48126 USA



*This message may contain proprietary, confidential, and privileged information. If you are not the intended recipient, please contact the sender and permanently delete all copies of this message.*

*This message may contain proprietary, confidential, and privileged information. If you are not the intended recipient, please contact the sender and permanently delete all copies of this message.*

# EXHIBIT K

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

AUTOCONNECT HOLDINGS, LLC

              Plaintiff,

    v.

FORD MOTOR COMPANY,

              Defendant.

Civil Action No. 1:24-cv-1327-JCG

## DEFENDANT FORD MOTOR COMPANY'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF COMMON INTERROGATORIES TO DEFENDANT (NOS. 1-12)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Ford Motor Company ("Ford") hereby provides its Answers and Objections to Plaintiff Autoconnect Holdings, LLC's ("Autoconnect") First Set of Common Interrogatories (Nos. 1-12) ("Interrogatories"):

## PRELIMINARY STATEMENT

These Answers and Objections are made solely for the purpose of this action. Ford has not yet completed its investigation of the facts related to this litigation and discovery is continuing. Accordingly, the following Answers and Objections are based upon, and therefore necessarily limited by, the records and information still in existence, presently collected, and thus far discovered in the course of preparing these Answers and Objections. Ford reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not yet discovered, or the relevance of which has not yet been identified, by Ford or its counsel.

Further, although Ford is continuing to identify materials that it will produce, Ford does not waive its objection that such documents are outside the proper scope of discovery. Ford does not stipulate or otherwise admit that documents and other materials it produces are authentic,

relevant, or admissible. Ford expressly reserves all objections to admission of these materials provided by the applicable rules of evidence and procedure.

## OBJECTIONS TO THE DEFINITIONS

Ford objects to the Definitions contained in Plaintiff's First Set of Common Interrogatories to Ford:

1.      Ford objects to Plaintiff's definitions of the terms "Ford," "You," "Yours," and "Defendant," and to the terms "employee" and "person," (to the extent they refer to Ford in the Interrogatories below) as set forth in Plaintiff's Definitions at Paragraphs 2, 20, and 21 because they are overly broad, unduly burdensome, seek information not relevant to the claims and defenses in this lawsuit, and would require Ford to provide information that is not within its possession, custody, or control.  Plaintiff's definitions include entities that are not parties to this lawsuit, including all "past or present officers," "directors," "principals," "agents," "employees," "attorneys," "representatives," "partners," "predecessors," "subsidiaries," "affiliates," "divisions," "departments and any other legal entities," "whether foreign or domestic," "that are owned or controlled by Ford."  These definitions do not identify any natural person, business associate, corporation, partnership, agency, agent, department or other person with any particularity, and are not limited by subject matter or connection to the allegations in this case.  Further, a number of these entities are separate legal entities, which are not parties to this case, and Ford cannot respond on their behalf.  In addition, these definitions are broad enough to purport to seek information from any person acting or purporting to act on Ford's behalf, and accordingly, improperly seek information that is or may be protected by the attorney-client privilege and the work product doctrine.  Ford will construe the terms "Defendant," "Ford," "You," and/or "Your," to refer to Ford Motor Company and its employees in the United States.

2

2.      Ford objects to Plaintiff's definition of the terms "Accused Instrumentalities," and "products" as set forth in Plaintiff's Definitions at Paragraphs 17 and 29, as overly broad and seeking irrelevant information that is not proportional to the needs of the case, as it exceeds the scope of the relevant information set by the claims at issue in the Plaintiff's Complaint. Additionally, Plaintiff's Infringement Contentions have not been served.  Accordingly, Plaintiff's definition, which refers to and incorporates its Infringement Contentions, renders this definition vague and undefined.

3.      Ford objects to Plaintiff's definition of the term "Vehicle Wireless Connection" as set forth in Plaintiff's Definitions at Paragraph 18 as overly broad, seeking irrelevant information, and not proportional to the needs of the case because it includes any and all information received by a vehicle without limitation, and is not limited to or framed by Plaintiff's claims in this case.

4.      Ford objects to Plaintiff's definition of the term "Connected Services" as set forth in Plaintiff's Definitions at Paragraph 19 as overly broad, vague, seeking irrelevant information, and not proportional to the needs of the case because it includes undefined control or access, which is not limited to or framed by Plaintiff's claims in this case.

5.      Ford objects to Plaintiff's definition of the terms "document," "documentation," "evidence," "source code," and "date" as set forth in Plaintiff's Definitions at Paragraphs 22, 27, 30, and 31, as overly broad, unduly burdensome, and not proportional to the needs of the case as they are broader than the scope of discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure.

6.      Ford objects to the terms "referring to," "refers to," or "refer to," "relate to," "relating to," "concerning" and "[d]escribe in full and complete detail" as set forth in Plaintiff's Definitions at Paragraphs 23, 24, 25, and 26, as overly broad, unduly burdensome, seeking

irrelevant information, and not proportional to the needs of the case as they are broader than the scope of discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure, and render each Interrogatory unreasonably complex, compound and improperly consisting of multiple subparts.

7.    Ford objects to Plaintiff's definition of the term "agreement" as set forth in Plaintiff's Definitions at Paragraph 28 as overly broad, seeking irrelevant information, and not proportional to the needs of the case because it includes any and all agreements without limitation to the allegations in this case or to any alleged infringement of the Accused Products.

8.    Ford objects to Plaintiff's definition of the term "all time periods" as set forth in Plaintiff's Definitions at Paragraph 33, as overly broad and seeking irrelevant information, and not proportional to the needs of the case because it is not limited to a reasonable or relevant timeframe, necessarily includes a timeframe that predates both the patent and the claims at issue in the Complaint, and therefore lacks required particularity.

## OBJECTIONS TO INSTRUCTIONS

Ford objects to the following Instructions contained in Plaintiff's First Set of Common Interrogatories to Ford:

1.    Ford objects to Plaintiff's Instructions No. 1 to the extent that the instruction instructs Ford to produce or provide information beyond that required under Rule 26, 33, and 34 of the Federal Rules of Civil Procedure.  Ford will comply with the Federal Rules of Civil Procedure and the parties' Protective Order.

2.    Ford objects to Plaintiff's Instructions No. 2, including subparts (a-c), as to claims of privilege, because the instruction is overly broad, unduly burdensome, and not proportional to the needs of this case, as it purports to require Ford to produce or provide information beyond that required under Rule 26, 33, and 34 of the Federal Rules of Civil Procedure and the parties'

4

Protective Order (ECF 36).  Ford will comply with the Federal Rules of Civil Procedure and the parties' Protective Order (ECF 36).

3.      Ford objects to Plaintiff's Instructions Nos. 3, 4, 5, 6, 7, 8, and 11 to the extent these instructions: (a) seek information about documents that are not within Ford's possession, custody, or control; (b) seek attorney work product such as methods by which Ford conducts discovery; (c) instruct Ford to produce or provide information beyond that required under Rule 26, 33, and 34 of the Federal Rules of Civil Procedure; or (d) enlarge the agreement set forth in the parties' Protective Order.  Ford will comply with the Federal Rules of Civil Procedure and the parties' Protective Order (ECF 36).

4.      Ford objects to Plaintiff's Instructions Nos. 9, 10, 12, and 13 to the extent these instructions render the Interrogatories overly broad, and unreasonably and improperly complex and compound in violation of the Rules, as they instruct Ford to produce or provide information beyond that required by Rule 26, 33, and 34 of the Federal Rules of Civil Procedure, or enlarge the agreement set forth in the parties' Protective Order.  Ford will comply with the Federal Rules of Civil Procedure and the parties' Protective Order (ECF 36).

### GENERAL OBJECTIONS AND LIMITATIONS

1.      Ford Motor Company objects to all of the Interrogatories as overly broad and unduly burdensome because they fail to impose any reasonable limitation on the locations and custodians from whom documents and information must be sought. The scope of the Interrogatories should appropriately be limited to what is readily accessible in Ford Motor Company's central files within Ford Motor Company's possession, custody, or control, or live electronic media (excluding any back-up tapes or files).

5

2.      Nothing in Ford Motor Company's responses to the Interrogatories constitutes an admission concerning file scope of the claims of any patent at issue nor the relation of any such claims to any product made, used, sold, or offered for sale by Ford Motor Company.

3.      Ford Motor Company objects to the Interrogatories to the extent they seek disclosure of information that Ford Motor Company is under an obligation to a third party or court order not to disclose.  Ford Motor Company will disclose any such responsive, non-privileged information after complying with its obligations to the third party, or court.

4.      Ford Motor Company objects to Plaintiffs' Interrogatories to the extent they request information about activities beyond the scope of United States patent law, including, without limitation, activities conducted entirely abroad.  Unless otherwise noted, Ford Motor Company will only produce information concerning products made, used, offered for sale, sold, and/or imported in the United States.

### ANSWERS AND OBJECTIONS

**INTERROGATORY NO. 1:**  For each year, make, model, and trim of the vehicles in the Accused Instrumentalities, describe in detail the implementations by which each type of Vehicle Wireless Connection is established, managed, and controlled, both in an initial session and subsequent sessions, including, but not limited to, a detailed description of the processes involved and any communication protocols employed, the associated hardware components (e.g., transmitters, receivers, transceivers, modems, processors, and their associated part numbers), and the associated software components (e.g., operating system(s), middleware or abstraction layers, inter-process communication managers, daemons, and user-facing applications that allow for control of wireless capabilities).

**ANSWER:**  Given that the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party from records maintained by Ford, pursuant to Fed. R. Civ. P. 33(d), Ford will produce core specifications and requirement documents for the applicable Phone As A Key system and Sync version, as follows:

- Phone as Key via the Bluetooth Low Energy Module (BLEM) is available on select vehicles beginning in June of 2020.

6

- Sync 3 as implemented for Model Years 2017 to 2024.

- Sync 4 as implemented for Model Years 2021 to Present.

- FordPass as implemented for Model Years 2017 to Present.

Otherwise, Ford's discovery and investigation of Plaintiff's claims is ongoing. Ford reserves the right to supplement this Interrogatory pursuant to Fed. R. Civ. P. 26(e) following further investigation.

Beyond this, Ford objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information that is not proportional to the needs of the case because it is not limited to a reasonable timeframe, to any particular wireless connection, or to the claims or infringement contentions in this case, and is unreasonably and improperly compound with respect to Plaintiff's request that Ford identify: (1) each type of Vehicle Wireless Connection; (2) how each Vehicle Wireless Connection is managed and controlled; (3) a description of the processes and communication protocols employed; (4) the associated hardware components; (5) the part numbers for the associated hardware components; and (6) the associated software components, past revisions, model numbers, and releases of the Accused Instrumentalities.

Ford also objects to this Interrogatory as overly broad and unduly burdensome because the re-creation of or search for all Year, Make, Model, and Trims for all implementations of each Vehicle Wireless Connection which necessarily would have changed over the course of several years, as vehicle designs are modified and/or updated. Similarly, Vehicle Wireless Connection in future model year vehicles are not relevant to the claims at issue as such components, parts, software or features have not yet been integrated into any Ford vehicle sold to consumers in the United States. Ford does not agree to search for or produce information regarding future vehicle models.

Ford further objects to this Interrogatory as premature to the extent it seeks expert analysis before the deadline for expert disclosures, and because it requests information that is not yet due under the Court's scheduling order.

**INTERROGATORY NO. 2:**  For each year, make, model, and trim of the vehicles in the Accused Instrumentalities, describe in detail the implementation by which Apple CarPlay sessions are established, managed, and performed, including but not limited to the processes for determining and communicating the capabilities of both the vehicle and the mobile device, initiating and maintaining Apple CarPlay sessions (including associated communication protocols), managing privileges and permissions for mobile devices in connection with Apple CarPlay (including handling multiple device connections to the vehicle), identifying and executing applications on the mobile device through Apple CarPlay, managing and processing data and commands exchanged between the vehicle and the mobile device (including data originating from vehicle sensors), modifying the vehicle's user interface in response to Apple CarPlay interactions, as well as the associated hardware components (e.g., the infotainment system, communication transceivers, and server systems) and the associated software components (e.g., infotainment operating system and device discovery daemons).

**ANSWER:**  Given that the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party from records maintained by Ford, pursuant to Fed. R. Civ. P. 33(d), Ford will produce core specifications and requirement documents for Apple CarPlay in its possession, custody, and control subject to approval by Apple Inc. Ford is advised that such Apple CarPlay documents contain proprietary Apple information, which Ford does not have the right to disseminate absent permission from Apple.

Otherwise, Ford's discovery and investigation of Plaintiff's claims is ongoing. Ford reserves the right to supplement this Interrogatory pursuant to Fed. R. Civ. P. 26(e) following further investigation.

Beyond this, Ford objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information that is not proportional to the needs of the case because it is not limited to a reasonable timeframe, to any particular wireless connection, or to the claims in this

8

case, and is unreasonably and improperly compound with respect to Plaintiff's request that Ford identify: (1) capabilities of both the vehicle and mobile device; (2) privilege and permission management; (3) mobile device and vehicle command exchange protocol and procedures; (4) user interface information; (5) the associated hardware components; (6) the part numbers for the associated hardware components; and (7) the associated software components, past revisions, model numbers, and releases of the Accused Instrumentalities.

Ford also objects to this Interrogatory as overly broad and unduly burdensome because the re-creation of or search for all Year, Make, Model, and Trims for all implementations of each Vehicle Wireless Connection which necessarily would have changed over the course of several years, as vehicle designs are modified and/or updated. Similarly, Vehicle Wireless Connection in future model year vehicles are not relevant to the claims at issue as such components, parts, software or features have not yet been integrated into any Ford vehicle sold to consumers in the United States. Ford does not agree to search for or produce information regarding future vehicle models.

Ford further objects to this Interrogatory as premature to the extent it seeks expert analysis before the deadline for expert disclosures, and because it requests information that is not yet due under the Court's scheduling order.

**INTERROGATORY NO. 3:** For each year, make, model, and trim of the vehicles in the Accused Instrumentalities, describe in detail the implementation by which Android Auto sessions are established, managed, and performed, including but not limited to the processes for determining and communicating the capabilities of both the vehicle and the mobile device, initiating and maintaining Android Auto sessions (including associated communication protocols), managing privileges and permissions for mobile devices in connection with Android Auto (including handling multiple device connections to the vehicle), identifying and executing applications on the mobile device through Android Auto, managing and processing data and commands exchanged between the vehicle and the mobile device (including data originating from vehicle sensors), modifying the vehicle's user interface in response to Android Auto interactions, as well as the

9

associated hardware components (e.g., infotainment system, communication transceivers, and server systems) and the associated software components (e.g., infotainment operating system and device discovery daemons).

**ANSWER:**  Given that the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party from records maintained by Ford, pursuant to Fed. R. Civ. P. 33(d), Ford will produce core specifications and requirement documents for Android Auto documents within its possession, custody, and control subject to approval by Google LLC. Ford is advised that such Android Auto documents contain proprietary Google information, which Ford does not have the right to disseminate absent permission from Google.

Otherwise, Ford's discovery and investigation of Plaintiff's claims is ongoing.  Ford reserves the right to supplement this Interrogatory pursuant to Fed. R. Civ. P. 26(e) following further investigation.

Beyond this, Ford objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information that is not proportional to the needs of the case because it is not limited to a reasonable timeframe, to any particular wireless connection, or to the claims in this case, and is unreasonably and improperly compound with respect to Plaintiff's request that Ford identify: (1) capabilities of both the vehicle and mobile device; (2) privilege and permission management; (3) mobile device and vehicle command exchange protocol and procedures; (4) user interface information; (5) the associated hardware components; (6) the part numbers for the associated hardware components; and (7) the associated software components, past revisions, model numbers, and releases of the Accused Instrumentalities.

Ford also objects to this Interrogatory as overly broad and unduly burdensome because the re-creation of or search for all Year, Make, Model, and Trims for all implementations of each Vehicle Wireless Connection which necessarily would have changed over the course of several

10

years, as vehicle designs are modified and/or updated. Similarly, Vehicle Wireless Connection in future model year vehicles are not relevant to the claims at issue as such components, parts, software or features have not yet been integrated into any Ford vehicle sold to consumers in the United States. Ford does not agree to search for or produce information regarding future vehicle models.

Ford further objects to this Interrogatory as premature to the extent it seeks expert analysis before the deadline for expert disclosures, and because it requests information that is not yet due under the Court's scheduling order.

**INTERROGATORY NO. 4:** For each year, make, model, and trim of the vehicles in the Accused Instrumentalities that include Google Built-in functionality, describe in detail the implementations by which the vehicle collects, stores, and uses information associated with a user to deliver personalized suggestions or options, including but not limited to the processes for accessing, storing, maintaining, and using information from a user's Google account and/or connected mobile device (e.g., proposing responses to text messages, messages concerning estimated arrival times, and suggestions concerning routes, waypoints, points of interest, destinations, and calendar events), and the associated hardware components (e.g., infotainment system, transceivers, and server systems), and the associated software components (e.g., infotainment operating system).

**ANSWER:** Given that the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party from records maintained by Ford, pursuant to Fed. R. Civ. P. 33(d), Ford will produce core specifications and requirement documents for Google Gas documents within its possession, custody, and control subject to approval by Google LLC. Ford is advised that such Google Gas documents contain proprietary Google information, which Ford does not have the right to disseminate absent permission from Google.

Otherwise, Ford's discovery and investigation of Plaintiff's claims is ongoing. Ford reserves the right to supplement this Interrogatory pursuant to Fed. R. Civ. P. 26(e) following further investigation.

11

Beyond this, Ford objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information that is not proportional to the needs of the case because it is not limited to a reasonable timeframe, to any particular wireless connection, or to the claims in this case, and is unreasonably and improperly compound with respect to Plaintiff's request that Ford identify: (1) capabilities of both the vehicle and mobile device; (2) privilege and permission management; (3) mobile device and vehicle command exchange protocol and procedures; (4) user interface information; (5) the associated hardware components; (6) the part numbers for the associated hardware components; and (7) the associated software components, past revisions, model numbers, and releases of the Accused Instrumentalities.

Ford also objects to this Interrogatory as overly broad and unduly burdensome because the re-creation of or search for all Year, Make, Model, and Trims for all implementations of each Vehicle Wireless Connection which necessarily would have changed over the course of several years, as vehicle designs are modified and/or updated. Similarly, Vehicle Wireless Connection in future model year vehicles are not relevant to the claims at issue as such components, parts, software or features have not yet been integrated into any Ford vehicle sold to consumers in the United States. Ford does not agree to search for or produce information regarding future vehicle models.

Ford further objects to this Interrogatory as premature to the extent it seeks expert analysis before the deadline for expert disclosures, and because it requests information that is not yet due under the Court's scheduling order.

**INTERROGATORY NO. 5:** For each year, make, model, and trim of the vehicles in the Accused Instrumentalities describe in detail the implementations where applications may be downloaded, viewed, and accessed through the vehicle's infotainment system, including but not limited to the processes for managing application availability, access, and display in the vehicle (including how

the vehicle identifies and evaluates hardware, software, operating system, and network requirements for applications, compares those requirements to the vehicle's capabilities and resources, and modifies the graphical user interface to present such applications), and the associated hardware components (e.g., infotainment system, transceivers, and server systems), and the associated software components (e.g. infotainment operating system).

**ANSWER:** Ford refers Plaintiff to Ford's Answer and Objections to Interrogatory No. 1 above, as if fully set forth herein, as this Interrogatory seeks the same information sought in Interrogatory No. 1 as to Ford's Ford Pass and Sync systems.

**INTERROGATORY NO. 6:** For each year, make, model, and trim of the vehicles in the Accused Instrumentalities describe in detail the implementations by which the vehicle assigns and enforces different priorities or privileges among user devices, including but not limited to the processes for identifying a profile associated with the user or user device, determining device access to system features or functions, and assigning, identifying, and applying different device priorities (including any criteria, rules, conditions, or settings that govern such priority), the associated hardware components (e.g., infotainment system, transceivers, and server systems), and the associated software components (e.g., infotainment operating system and device discovery daemons).

**ANSWER:** Ford refers Plaintiff to Ford's Answer and Objections to Interrogatory No. 1 above, as if fully set forth herein, as this Interrogatory seeks the same information sought in Interrogatory No. 1 as to Ford's Ford Pass and Sync systems.

**INTERROGATORY NO. 7:** For each year, make, model, and trim of the vehicles in the Accused Instrumentalities describe in detail the implementations by which the vehicle provides remote access and/or control functionality through a mobile application, including but not limited to the processes for receiving, authenticating, analyzing, communicating, and executing requests or other communications originating from a remote device (such as a mobile device or personal computer), determining privileges or permissions of the user or user device to issue such requests or commands, determining whether the user or user device has an active, relevant subscription, executing the corresponding action or service, the associated hardware components (e.g., infotainment system, transceivers, and server systems) and the associated software components (e.g., infotainment operating system and device discovery daemons).

13

**ANSWER:**  Ford refers Plaintiff to Ford's Answer and Objections to Interrogatory No. 1 above, as if fully set forth herein, as this Interrogatory seeks the same information sought in Interrogatory No. 1 as to Ford's Ford Pass system.

**INTERROGATORY NO. 8:**  For each year, make, model, and trim of the vehicles in the Accused Instrumentalities, describe in detail the implementations by which the vehicle detects breaches of a vehicle security measure and isolates one or more onboard computational components in response to such breach, including but not limited to the processes for detecting a security breach involving a vehicle component, determining whether isolation of that component is required, selecting and applying an isolation measure (e.g., denying network access, blocking or redirecting communications, or activating additional security measures), and the associated hardware and software components involved in those processes.

**ANSWER:**    This Interrogatory Answer contains HIGHLY CONFIDENTIAL information. AutoConnect's infringement contentions for the '100 Patent incorrectly assume that Ford vehicles practice the Autosar Adaptive Platform. Ford's vehicles do not practice the Autosar Adaptive Platform. Beyond AutoConnect's reference to the Autosar Adaptive Platform, it is not clear how AutoConnect contends Ford vehicles infringe any claim of the '100 Patent and specifically what information AutoConnect seeks in this Interrogatory.

Otherwise, Ford's discovery and investigation of Plaintiff's claims is ongoing. Ford reserves the right to supplement this Interrogatory pursuant to Fed. R. Civ. P. 26(e) following further investigation.

Beyond this, Ford objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information that is not proportional to the needs of the case because it is not limited to a reasonable timeframe or to the claims in this case, and is unreasonably and improperly compound with respect to Plaintiff's request that Ford identify: (1) unspecific vehicle security measures; (2) information about the reactive isolation of components; (3) computational logic involved in the vehicle security measures; (4) the associated hardware components; (5) the part

14

numbers for the associated hardware components; and (6) the associated software components, past revisions, model numbers, and releases of the Accused Instrumentalities. Ford also objects to this Interrogatory as overly broad and vague to the extent it implies, assumes or infers that Ford implements a reactive vehicle security measure to isolate computational components during a breach.

Ford also objects to this Interrogatory as overly broad and unduly burdensome because the re-creation of or search for all Year, Make, Model, and Trims for all implementations of each Vehicle Wireless Connection which necessarily would have changed over the course of several years, as vehicle designs are modified and/or updated. Similarly, Vehicle Wireless Connection in future model year vehicles are not relevant to the claims at issue as such components, parts, software or features have not yet been integrated into any Ford vehicle sold to consumers in the United States. Ford does not agree to search for or produce information regarding future vehicle models.

Ford further objects to this Interrogatory as premature to the extent it seeks expert analysis before the deadline for expert disclosures, and because it requests information that is not yet due under the Court's scheduling order.

**INTERROGATORY NO. 9:** For each year, make, model, and trim of the vehicles in the Accused Instrumentalities, describe in detail the implementations for detecting, authenticating, executing commands through Phone As A Key, including but not limited to the processes for detecting, locating, and authenticating the mobile device, determining any Phone As A Key privileges associated with the device, executing related commands (e.g., unlocking doors, starting the engine, or sharing Phone As A Key access with other devices), the communication protocols involved (e.g., Bluetooth, Wi- Fi), the associated hardware components (e.g., infotainment system, transceivers and antennas, and server systems), and the associated software components (e.g., infotainment operating system and device discovery daemons).

15

**ANSWER:**  Ford refers Plaintiff to Ford's Answer and Objections to Interrogatory No. 1 above, as if fully set forth herein, as this Interrogatory seeks the same information sought in Interrogatory No. 1 as to Phone as a Key.

**INTERROGATORY NO. 10:**  Describe in full and complete detail the complete factual and legal basis for your contention that you have not willfully infringed any claim of the Asserted Patents, including but not limited to when and how you first became aware of each Asserted Patent, the persons who first became aware of each Asserted Patent or any application to which any Asserted Patent claims priority, any opinion (whether oral or written) you received concerning each Asserted Patent, including the author, date requested, date received, and other recipients of the opinion, a complete description of all actions taken by you after becoming aware if such patents or applications, including any steps taken by you to avoid infringement of any of the Asserted Patents, and identification of the persons most knowledgeable of the foregoing and documents reflecting any of the foregoing.

**ANSWER:**  AutoConnect has provided no evidence that Ford willfully infringed any of the Asserted Patents, despite AutoConnect carrying the burden to prove willful infringement. To the contrary, the evidence demonstrates that Ford has not willfully infringed any claim of the Asserted Patents under the standard set forth in *Halo Elecs., Inc. v. Pulse Elecs., Inc.* 136 S. Ct. 1923 (2016), as there is no evidence that Ford both had knowledge of the Asserted Patents and infringed the Asserted Patents with subjective willfulness.

Ford did not learn of the Asserted Patents until they were identified in a letter sent to Ford by AutoConnect's counsel on December 28, 2023. However, several of the Asserted Patents identified by AutoConnect in its December 28, 2023, letter, including at least the '186, '560, '296, '297, '100 and '697 Patents, had lapsed at the time AutoConnect identified the Asserted Patents to Ford. Therefore, those patents were not enforceable at the time they were disclosed to Ford. Because the patents were not enforceable there was no reason for Ford to be concerned about their claim scope and therefore Ford did not have the required subjective willfulness to infringe. Further, because the Asserted Patents were originally owned by Flextronics, a Ford supplier of

16

accused products, Ford believed that the Asserted Patents were exhausted against products supplied to Ford by Flextronics, and therefore Ford could not be an infringer. This is another reason why Ford did not infringe the Asserted Patents with subjective willfulness. Additionally, Ford provided AutoConnect with analysis explaining why it did not infringe the Asserted Patents. Indeed, in its response letters to AutoConnect, dated May 16, 2024, and July 22, 2024, Ford identified claim limitations missing in the accused products.  Those letters demonstrate that Ford did not infringe with subjective willfulness; indeed, Ford did (and continues) to believe—as explained in its letters—that Ford vehicles do not infringe the Asserted Patents.

In addition, Ford is aware that the claims of the Asserted Patents are invalid under at least 35 U.S.C. §§102, 103 and/or 112, as expressed in the several *Inter Partes* Review and *Ex Parte* Review proceedings directed to the Asserted Patents that are currently pending at the United States Patent & Trademark Office, and as explained in Ford's motion to dismiss (ECF No.  12).

Beyond this, Ford objects to this Interrogatory as premature because: (1) Plaintiff has yet to provide detailed infringement contentions, per the Court's Scheduling Order, identifying the asserted claims of the Patents-in-Suit, and specifying how the Accused Products satisfy each limitation for these claims; (2) the limitations of the unidentified Asserted Claims have yet to be construed and (3) it seeks information subject to expert testimony.

Ford also objects to this Interrogatory because it attempts to shift the proof burden for willfulness from AutoConnect to Ford. Ford's investigation is ongoing. Accordingly, Ford reserves its right under Fed. R. Civ. P. 26(e)(1) to amend, supplement, or revise this response as information is learned during the course of the investigation.

17

Ford further objects to this Interrogatory insofar as it seeks discovery of information protected by the attorney-client privilege, the work product immunity, or any other applicable privilege or protection from discovery.

**INTERROGATORY NO. 11:**  Identify all Agreements, including but not limited to licenses, settlements, and covenants not to sue, that You have entered into conveying intellectual property rights to a vehicle technology or granting the right to use a vehicle technology, excluding agreements with end users of the vehicles in the Accused Instrumentalities, and identify the person(s) most knowledgeable of the foregoing.

**ANSWER:**  Given that the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party from records maintained by Ford, pursuant to Fed. R. Civ. P. 33(d), Ford will produce licenses, settlements and covenants not to sue relevant to the technologies accused of infringing the Asserted Patents in this case when those disclosures are due under the Court's scheduling order.

Ford's investigation is ongoing. Accordingly, Ford reserves its right under Fed. R. Civ. P. 26(e)(1) to amend, supplement, or revise this response as information is learned during the course of the investigation.

Beyond this, Ford objects to this Interrogatory as overly broad, unduly burdensome, seeking information not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "all Agreements" regardless of whether they are relevant to claim in this case.  Ford further objects to this Interrogatory as seeking information not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "all Agreements" regardless of whether they are relevant to claim in this case.  Further, Ford objects to the term "all Agreements" as overly broad and lacking in required particularity under the Federal Rules of Civil Procedure.  Ford also objects to this Interrogatory as premature because it requests information

18

that is not yet due under the Court's scheduling order. Ford further objects to this Interrogatory as seeking information that is protected by confidential obligations of a third party.

**INTERROGATORY NO. 12:**   For each unique implementation identified in response to Interrogatory Nos. 1 through 9 above, describe in detail all financial information You maintain or prepare relating to the implementation or associated functionality, including but not limited to, for each implementation, the number of vehicles sold on a quarterly basis and associated revenue by year, make, model, and trim level, any pricing, revenue, or valuation specifically associated with the implementation or the relevant functionality (whether offered as a standalone option, subscription, or as part of any separately priced package, option group, feature set, or equipment level), the revenue, costs, and margins associated with the configuration or functionality (including the basis for any allocation of revenue or costs), and, if such data is not tracked at the level of the implementation or functionality described in the responses, the smallest salable unit that includes or enables the implementation or functionality and any associated pricing, revenue, costs, and margin information You maintain or prepare for that unit.

**ANSWER:**   Given that the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party from records maintained by Ford, pursuant to Fed. R. Civ. P. 33(d), Ford will produce the relevant financial records for the products accused of infringing the asserted patents in this case when those disclosures are due under Court's scheduling order.

Ford's investigation is ongoing. Accordingly, Ford reserves its right under Fed. R. Civ. P. 26(e)(1) to amend, supplement, or revise this response as information is learned during the course of the investigation.

Beyond this, Ford objects to this Interrogatory as overly broad, unduly burdensome and seeking information that is not relevant to the claims and defenses in this case and therefore not proportional to the needs of the case, because it is not limited to the financials associated with the Accused Products, and instead seeks information regarding Ford vehicles as a whole, which are unrelated to the parties' claims and defenses and is thus beyond the scope of discovery set by Fed. R. Civ. P. 26(b).

19

Ford also objects to this Interrogatory as overly broad, unduly burdensome, seeking information not relevant to any claim or defense, and not proportional to the needs of this case to the extent it seeks "all financial information" regardless of whether it is relevant to a claim in this case and/or are duplicative of produced information.  Ford further objects to this Interrogatory as overly broad, unduly burdensome, seeking irrelevant documents and lacking reasonable particularity because the phrase "all financial information" is vague and undefined, and does not identify the documents sought with reasonable specificity.

In addition, Ford objects to this Interrogatory as overly broad, unduly burdensome, and improperly compound because it consists of multiple distinct Interrogatories including: (1) all financial information, (2) vehicle sales volumes, (3) vehicle package and option valuations, (4) associated hardware components, (5) the part numbers for the associated hardware components, and (6) the associated software components and costs for all the Accused Instrumentalities.

Ford further objects to this Interrogatory as premature to the extent it seeks expert analysis before the deadline for expert disclosures, and because it requests information that is not yet due under the Court's scheduling order.

20

Dated:  December 19, 2025

Respectfully submitted,

By: /s/ John S. LeRoy
John S. LeRoy
Christopher C. Smith
Reza Roghani Esfahani
Brooks Kushman P.C.
150 W Second St., Suite 400N
Royal Oak, MI 48067
Telephone: (248) 358-4400
jleroy@brookskushman.com
csmith@brookskushman.com
resfahani@brookskushman.com

Helena C. Rychlicki
hrychlicki@pwujlaw.com
Pinckney, Weidinger, Urban & Joyce LLC
2 Mill Road, Suite 204
Wilmington, DE 19806
Telephone: (302) 504-1527
Facsimile: (302) 442-7046

*Counsel for Defendant*
*Ford Motor Company*

21

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 19, 2025 I served __**DEFENDANT FORD MOTOR COMPANY'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF COMMON INTERROGATORIES TO DEFENDANT (NOS. 1-12)**__ on the following counsel at the email addresses listed below:

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.corn

William R. Woodford
Todd S. Werner
Jason M. Zucchi
AVANTECH LAW, LLP
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Phone: (612) 895-2721
woodford@avatechlaw.com
werner@avantechlaw.com
zucchi@avantechlaw.com

*Attorneys for Plaintiff*

/s/ John S. LeRoy

22

# EXHIBIT L

# EXHIBIT M

# EXHIBIT N

# EXHIBIT O