# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **AUTOCONNECT HOLDINGS LLC,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**FORD MOTOR COMPANY,**<br><br>    **Defendant.** | **Court No. 1:24-cv-01327-JCG** |

## OPINION AND ORDER

[Granting in part and denying in part Defendant's Motion to Stay.]

Dated:  April 16, 2026

Michael J. Farnan and Brian E. Farnan, Farnan LLP, of Wilmington, DE; William R. Woodford, Todd S. Werner, Jason M. Zucchi, and Shelleaha L. Jonas, Avantech Law, LLP, of Minneapolis, MN; Julianne Thomsen, Avantech Law, LLP, of New York, N.Y.; Kathryn A. Quisenberry, Avantech Law, LLP, of Houston, TX; Andrea Fair and Garrett Parish, Miller Fair Henry PLLC, of Longview, TX. Attorneys for Plaintiff AutoConnect Holdings LLC.

Neal C. Belgam and Daniel A. Taylor, Smith, Katzenstein, & Jenkins LLP, of Wilmington, DE; John S. LeRoy, Christopher Smith, and Reza Roghani Esfahani, Brooks Kushman P.C., of Royal Oak, MI.  Attorneys for Defendant Ford Motor Company.

Before the Court is Defendant Ford Motor Company's ("Ford" or

"Defendant") motion to stay this case pursuant to Section 3 of the Federal

Arbitration Act or due to the pending post-grant patent reviews at the United States

Patent and Trademark Office ("USPTO").  Ford Motor Co.'s Mot. Stay ("Mot.

Stay") (D.I. 47); Ford Motor Co.'s Opening Br. Supp. Mot. Stay ("Def.'s Br.")

(D.I. 48, 53).  The Court held oral argument on April 7, 2026.

## BACKGROUND

All patents at issue in this case are now the subject of USPTO challenges.

Def.'s Br. at 7–9; Ford Motor Co.'s Reply Br. Supp. Mot. Stay ("Def.'s Reply

Br.") at 6, (D.I. 58, 62).  Ten of the thirteen patents are subject to *inter-partes* and

*ex-parte* reviews instituted by USPTO.  Def.'s Br. at 7–9; Def.'s Reply Br. at 6.

Three *inter-partes* reviews have been instituted, and three petitions for *inter-partes*

review remain pending.  Def.'s Br. at 7–9; Def.'s Reply Br. at 6.

## STANDARD OF REVIEW

The decision whether to grant a stay rests within the Court's discretion.

Nken v. Holder, 556 U.S. 418, 433 (2009); Procter & Gamble Co. v. Kraft Foods

Global, Inc., 549 F.3d 842, 849 (Fed. Cir. 2008) (recognizing "the inherent power

of the district courts to grant a stay pending reexamination of a patent.");

Commonwealth Ins. Co. v. Underwriters, Inc., 846 F.2d 196, 199 (3d Cir. 1988).

The party requesting a stay bears the burden of showing that circumstances justify

an exercise of judicial discretion.  Nken, 556 U.S. at 433–34.

Court No. 1:24-cv-01327-JCG                                                    Page 3

## DISCUSSION

Courts consider three factors in evaluating a motion for a stay pending post-grant proceedings.  Princeton Digit. Image Corp. v. Konami Digit. Ent. Inc., Nos. 12-1461-LPS-CJB, 13-335-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014).  First, courts analyze whether granting the stay will simplify the issues for trial.  Prolitec Inc. v. Scentair Techs., LLC, No. 20-984-WCB, 2023 WL 5037173, at *2 (D. Del. Aug. 8, 2023).  Next, courts review the status of the litigation, particularly whether discovery is complete and a trial date has been set.  Id.  Lastly, courts consider whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. Id.  Here, all three factors weigh in favor of granting a stay.

Given the volume of patents at issue in this litigation and the reviews already instituted against ten of the thirteen asserted patents in this case, the Court concludes that there is a strong likelihood that the USPTO proceedings will simplify the issues before the Court and conserve the resources of the Parties and this Court.  Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).").  Regarding the status of the litigation, fact discovery

is not yet complete, and the trial is set for October 2027.  Am. Sched. Order (Nov. 25, 2025) (D.I. 31); see also IOENGINE, LLC v. PayPal Holdings, Inc., Nos. 18-452-WCB, 18-826-WCB, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019) (holding that the state of the proceedings favored a stay where claim construction was briefed and fact discovery was ongoing, but the majority of pre-trial work was ahead); Smartflash LLC v. Apple Inc., 621 Fed. Appx. 995, 1005 (Fed. Cir. 2015) (holding that the district court abused its discretion when it denied a stay prior to trial, because "[d]espite the substantial time and effort already spent in this case, the most burdensome task is yet to come.").  The final factor of prejudice also weighs in favor of a stay because neither the timing of the USPTO petitions, the timing of the stay request, the status of the reexamination proceedings, or the relationship of the Parties is likely to unduly prejudice Plaintiff or provide a clear tactical advantage to Defendant.  See Prolitec Inc., 2023 WL 5037173, at *8 (discussing the prejudice factor).

## CONCLUSION

The Court concludes that a stay is appropriate and will exercise its discretion to stay this action until the completion of the pending USPTO proceedings. Because the Court has determined that a discretionary stay is warranted, it need not address the Parties' separate dispute regarding whether a mandatory stay is

warranted under the Federal Arbitration Act or whether other circumstances warrant the imposition of a discretionary stay.

Accordingly, it is hereby

**ORDERED** that Ford's Unopposed Motion for Leave to Submit Supplemental Information in Support of its Motion to Stay (D.I. 65) is granted and deemed filed; and it is further

**ORDERED** that Ford's Motion to Stay (D.I. 47) is granted in part and denied in part; and it is further

**ORDERED** that the case is stayed pending the issuance of a final written decision in each of the respective *inter-partes* and *ex-parte* review proceedings. Within ten (10) business days of the issuance of a final written decision in the last of the USPTO proceedings, the Parties shall jointly file a status report, providing a brief summary of how the Parties want to proceed in light of the PTAB decisions and a proposed scheduling order. If the Parties cannot agree on how to proceed at the time of the status report, the Parties should schedule a conference with the Court to discuss the options.

DATED: April 16, 2026

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves[*]
U.S. District Court Judge

---

[*] Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.